**Leopoldo GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–00922–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 12, 2001.

Mark W. Bennett, Houston, for Appellant.

John B. Holmes, Kelly Ann Smith, Houston, for Appellee.

Panel consists of Justices COHEN, JENNINGS, and DUGGAN.[*]

## OPINION

COHEN, Justice.

A jury convicted appellant of the misdemeanor offense of discharging a firearm in a metropolitan area and assessed punishment at 15 days in jail and a $400 fine. We reverse and acquit.

### Amendment of the Charging Instrument

In issue one, appellant claims the trial judge improperly amended the information the day of trial. We agree.

### A. Procedural Background

The information alleged appellant

on or about March 18, 2000, did then and there unlawfully recklessly discharge a firearm inside the corporate limits of a municipality, to-wit: THE CITY OF HOUSTON, having a population of at least 100,000, namely by DISCHARGING THE FIREARM INTO THE GROUND IN A CROWD OF PEOPLE.

The case was set for trial June 5, 2000, reset to June 26, and carried on the docket for that week until it was reached and trial began June 29. Despite these settings, the State waited until shortly before jury selection before it moved to "abandon" the information's phrase, "in a crowd of people":

State: Your Honor, before we start, I would like to move to abandon surplus language from the information, if I may.

Court: What?

State: Surplusage, I can't say the word, but I know what I'm trying to say. Right now it's discharging a firearm "into the ground in a crowd of people." The State moves to abandon "in a crowd of people."

Defendant: May I respond?

Court: Wait a minute.

State: The very—the last four or five words.

Court: All right. You want to abandon what?

State: The phrase "in a crowd of people."

Court: "In a crowd of people."

State: Just surplusage language. It's not required.

Court: So you want to have it read, "discharging a firearm into the ground," period?

State: Correct.

Court: All right.

Defendant: Respond, Your Honor?

Court: You may.

Defendant: Your Honor, that language is not surplusage, surplusage is something that's not necessary and also something that does not describe something that is necessary. Firing the shotgun into a crowd of people is a

[*] The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

manner and means which describes how the offense was committed, which if it is a description of, if you look at the State's board over there, it's a description of element no. 5 of the State's offense, discharging a firearm, described where and how the firearm was discharged, it was discharged into the ground and it was discharged into a crowd of people. So, because it's not surplusage, it could not be abandoned at this point. If the Government wants to move to amend, the trial hasn't started, they can move to amend. But the Government is incorrect that it is surplusage and it can't be abandoned.

Court: I grant the State's motion.

. . .

Court: Anything else from the Defense?

Defendant: Yes, Your Honor.

Court: What?

Defendant: With regard to what I believe is an amendment of the information, the Government has said it's an amendment, the Court has allowed the Government to do—what I would like to ask is for the 10 days that we are entitled to after the amendment of the information to prepare for trial under Article 28.10.

Court: We are not amending it, they're abandoning it which I have granted, listen to the words.

Defendant: Yes, Your Honor.

Court: All right. Twenty minutes or 30 minutes—

Defendant: I'm sorry, Your Honor, may I finish?

Court: You've already—I've already asked for argument on that, you've already made your position clear.

Defendant: I know, Your Honor, and I'm just trying to make—I'm just try-ing to preserve my record here, and I don't mean to make things—

Court: I've granted the abandonment of the information, that specific portion. You've made your objection. I've ruled on that objection.

Defendant: And, Your honor, to be honest with you, that was a large part of our defense was that they couldn't prove manner and means. I would like a few minutes to talk with my client, this may change our strategy with regard to this trial.

Court: Denied. You can do it when the jury's at lunch.

Defendant: And I also just wanted to point out to the Court the case of Upchurch versus State, which is 703 Southwest Second, 638 with regard to request for abandonment or amendment. I appreciate that the Court has already ruled on it and I just want to give the Court every chance that I can to correct it. Thank you.

Court: That's fine. All right. Well, let me ask you this, just out of an abundance of curiosity, Mr. Bennett, are you saying that the movement of the abandonment of that one phrase "in a crowd"—now I can't even read what I scratched, "in a crowd of people," that your client is going to change his plea to guilty?

Defendant: He might very well. And that's the thing is where we have the defense and the defense is taken away, we might be better off not pleading not guilty.

Court: All right. We've wasted enough of the jury's time, I guess three more minutes won't hurt. You got three minutes.

(Short break.)

Defendant: All right. Your Honor, thank you.

Court: All right. And after conferring with your client, you wish to proceed forward?

Defendant: Yes, Your Honor. We'll enter a plea of not guilty.

. . .

Court: All right. State ready to proceed?

State: State is ready, Your Honor.

Court: Defense ready to proceed?

Defendant: Other than the request for another 10 days, Your Honor.

Court: All right.

Defendant: We are, other than that.

Right after voir dire, appellant moved in writing for reconsideration, arguing that [w]ords in an information, even if unnecessary, are not surplusage if they describe an essential element of the offense. For example, "manner and means" are descriptive of an element of the information, and so are not surplusage. The words "in a crowd of people" were descriptive of necessary elements of the offense:

> They described the recklessness
>
> They described the discharge of the firearm, and
>
> They described the location inside the city limits.

Because the words "in a crowd of people" were descriptive, they were not surplusage. Because they were not surplusage, their removal was an amendment, and not an abandonment. Because their removal was an amendment, it could not be performed on the day trial began.

The trial judge expressly denied this motion the same day.

**B. Legal Standard**

■ An information may be amended before the trial date if the defendant is notified; upon his request, the trial judge must give the defendant up to 10 days to respond. Tex.Code Crim. P. Ann. art. 28.10(a) (Vernon 1989). An information may be amended after trial begins if the defendant does not object or, if he objects, only if the amendment does not charge him with an additional or different offense or if his substantial rights are not prejudiced. *Id.* at (b), (c). In contrast, no amendment is allowed on the day of trial before trial begins. *See Sodipo v. State,* 815 S.W.2d 551, 555–56 (Tex.Crim.App. 1990) (op. on reh'g). This appeal involves the last situation.

■ The above restrictions do not apply, however, when an information's language is merely abandoned. A substantive alteration is an amendment; a nonsubstantive one is an abandonment. *E.g., Eastep v. State,* 941 S.W.2d 130, 132–33 (Tex.Crim.App.1997) (indictment), *overruled on other grounds, Riney v. State,* 28 S.W.3d 561, 564–65 (Tex.Crim.App.2000). Three types of alterations constitute an abandonment: (1) a deletion of one or more alternative statutory means of committing an offense; (2) an alteration that results in the charging of a lesser included offense; and (3) a deletion of surplus language. *Id.* at 133–34. Surplusage is language not legally essential to constitute the offense alleged. *Id.* at 134. However, there is an exception: when the needlessly pled language is "descriptive of that which is legally essential to charge a crime"— that is, when it defines the offense more narrowly, places it in a specific setting, or describes the method of its commission— the State must prove that language. *See id.* at 134 n. 7; *accord Curry v. State,* 30 S.W.3d 394, 399 (Tex.Crim.App.2000) (recognizing existence of this exception and also refusing the State's invitation to abandon the exception because the phrase at issue did not fall within that exception). Such language is not merely surplusage,

and its alteration is an amendment subject to the restrictions of article 28.10, not an abandonment.

## C. Discussion

A person commits the offense charged here if he (1) recklessly (2) discharges a firearm (3) inside the corporate limits of a municipality (4) having a population of 100,000 or more. TEX. PENAL CODE ANN. § 42.12(a) (Vernon Supp.2001).

▪ We agree with appellant's argument in his brief that the deletion was an amendment because the deleted phrase described the essential element of recklessness:

The act relied on by the State in the information before [the trial date] was the discharge of a firearm into the ground in a crowd of people. This is a different act—more reckless—than the discharge of a firearm into the ground in an empty residential street, which is a different act—more reckless—than the discharge of a firearm at a firing range. "Recklessness" is the conscious disregard of a substantial and unjustifiable risk of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint. TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1994). Whether an act is reckless or not depends on the risk that it entails. That risk depends on the circumstances that exist from the actor's standpoint. Even if an allegation of the act (here, discharging a firearm

into the ground in a crowd of people) were not legally essential to charge a crime, "in a crowd of people" would be descriptive of the recklessness, which is legally essential to charge the crime. The information had to allege with reasonable certainty the acts upon which the State relied to constitute recklessness. TEX.CODE CRIM. P. ANN. art. 21.15 (Vernon 1989). The alteration here resulted in the allegation of a different and less reckless act. The alteration was an amendment, and it was error.

The State responds that the deletion was only the abandonment of an alternative means of committing the same offense, not an amendment. Specifically, the State claims the original information alleged the following alternative means by which appellant acted recklessly: (1) by discharging a firearm inside the corporate limits of Houston;[1] (2) by discharging a firearm into the ground; and (3) by discharging a firearm into the ground in a crowd of people. We disagree. The information did not allege more than one reckless act: there is no conjunction between the two phrases following "namely by," and the phrase "in a crowd of people" contains no separate verb. Thus, everything following "namely by" is *together* descriptive of the act ("discharging a firearm") that precedes it. Accordingly, the deletion did not merely drop an *alternative* reckless act: it created a *different* reckless act. The deletion was an amendment, not an abandonment of anything.

The State also argued below that the deleted language was merely surplusage and thus an abandonment, not an amend-

---

1. This is an argument that discharging a firearm within the Houston city limits is per se reckless. We reject this argument for the same reasons as has the San Antonio Court of Appeals: "If the legislature had intended the discharge of a firearm within city limits to be per se reckless, it need not have included the word 'recklessly' in the statute." *State v. Vasquez*, 34 S.W.3d 332, 334 (Tex.App.–San Antonio 2000, no pet.). Moreover, the State's interpretation would lead to absurd results— for example, making shooting at shooting ranges (even those owned by the city or State) within city limits per se illegal.

ment. We disagree for the reasons stated above: "into the ground in a crowd of people"—together, as one phrase—described the reckless act and defined it more narrowly. *Cf. Wray v. State,* 711 S.W.2d 631, 633–34 (Tex.Crim.App.1986) (indictment's words "by pointing said deadly weapon at Mary Ann Henderson" were descriptive of the aggravated-assault elements of "threatens another with imminent bodily injury" and "uses a deadly weapon"). On appeal, the State has abandoned its "surplusage" argument, which it relied on in the trial court.

Accordingly, we hold the trial judge amended the information and erred in doing so. Given our disposition below, we do not reach the matter of harm.

### Legal Sufficiency of the Evidence

In issue two, appellant argues the evidence was legally insufficient to sustain his conviction. Specifically, he argues that (1) the evidence must be measured against the pre-amendment information and (2) no evidence shows he fired a gun in a crowd of people. We agree.

 Sufficiency of the evidence is measured against the hypothetically correct jury charge, which is one that accurately sets out the law, is authorized by the charging instrument, adequately describes the offense for which the defendant was tried, and does not unnecessarily increase the State's burden of proof or unnecessarily restrict its liability theories. *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim.App.1997). When a charging instrument is erroneously amended, the hypo-thetically correct jury charge is the one authorized by the original charging instrument, not the amended one. *See Curry,* 30 S.W.3d at 404–05. Therefore, the hypothetically correct jury charge would have instructed the jury that, to find appellant guilty, it must find he recklessly discharged a firearm inside Houston's corporate limits by discharging the firearm into the ground in a crowd of people. Following the usual standard of review for legal sufficiency,[2] we hold there is no evidence appellant fired his gun in a crowd of people.[3]

The State does not deny that *Curry* requires measuring the evidence against the pre-amendment information. Nor does the State contend there is sufficient evidence that appellant fired a gun in a crowd of people. Rather, it argues that, because the information's language was properly abandoned, not improperly amended, we should measure the evidence against the later information. We have already held against the State on this.

### Conclusion

Accordingly, we reverse the trial court's judgment and render a judgment of acquittal.

---

**2.** *See Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996).

**3.** The record shows that appellant was drunk and angry about a noisy party across the street from his home. Appellant fired his shotgun into the dirt street right at the end of his own driveway. A neighbor was driving down the street, and his car was near appellant when appellant fired the gun. No evidence shows appellant fired a gun "in a crowd of people." The State does not argue otherwise.