COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-127-CR

ANTHONY WAYNE KENLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Anthony Wayne Kenley appeals his convictions for two counts of aggravated sexual assault and two counts of indecency with a child.  In two points, he complains that the trial court abused its discretion by improperly admitting extraneous offense evidence during the guilt-innocence phase and committed reversible error by permitting the State to amend the indictment after the trial on the merits had begun.  Because the extraneous offense evidence was not improperly admitted and the changes to the indictment merely abandoned surplusage, we affirm.

BACKGROUND

Because Appellant does not challenge the sufficiency of the evidence, we will only briefly recite the evidence as it relates to Appellant’s points.

The complainant, J.K., testified that her father, Appellant, began sexually abusing her when she was eleven years old, after her first stepmother, Cindy, divorced Appellant.  J.K. testified that the abuse continued until she told someone about it a couple of years later, at age thirteen, after her second stepmother, Effie, gave birth to a girl.

During Appellant’s arraignment on the day of trial, the State moved to abandon duplicate language contained in count III of the indictment.  The trial judge overruled Appellant’s objection to this change and granted the State’s request.

During the guilt-innocence stage, J.K. testified that she waited two years before telling anyone about the abuse because she was afraid of what might have happened and “didn’t know what [her] dad was capable of.”  Outside the jury’s presence, Appellant sought to exclude any elaboration on this evidence as extraneous and unfairly prejudicial.  After the trial court overruled his objection, Appellant renewed it in the jury’s presence, at which time the trial court again overruled it and granted him a running objection.  J.K. testified before the jury that Appellant had a quick and angry temper and would beat her and her brother when he got angry, “which was pretty much almost every other day.”  She testified that Appellant had been investigated twice about physical abuse of her brother and that both times the abuse became worse afterwards. The trial court also overruled Appellant’s objection to the introduction of two pornographic magazines, titled “Eighteen” and “Baby Face,” which had been seized by warrant from Appellant’s closet.
(footnote: 2)  The trial court later provided a limiting instruction in the jury charge with regard to testimony of extraneous offenses.

Other evidence about the sexual abuse included J.K.’s detailed testimony,  in which she mentioned a pornographic video involving midgets, titled “Somewhere Under the Rainbow.”  This video was admitted into evidence and part of its nonsexual content was played for the jury.  J.K.’s blue and white bed comforter and sheets were also admitted.  The comforter tested positive for Appellant’s semen.

The jury found Appellant guilty on all counts and assessed punishment. The trial court sentenced Appellant to confinement, fifty and sixty years for the two aggravated sexual assault convictions, and twenty years for each of the indecency with a child convictions.

EXTRANEOUS OFFENSE EVIDENCE

Appellant complains that the trial court improperly admitted extraneous offense evidence in the form of unrelated physical abuse of his children and two pornographic magazines.

We review a trial court’s ruling to admit evidence under an abuse of discretion standard.  
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Montgomery
, 810 S.W.2d at 391.  As long as the trial court’s ruling falls within the zone of reasonable disagreement, we will affirm its decision.  
Moses v. State
, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  The trial court’s decision must be reasonable in view of all the relevant facts.  
Santellan v. State
, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).  The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Manning v. State
, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). 

A.  Admissibility Of The Physical Abuse Evidence

Appellant complains that the trial court erred by admitting into evidence testimony by J.K. about other acts of physical abuse.  He claims this testimony was extraneous and unfairly prejudicial, in that it was introduced solely to prove that he acted in conformity with his character as an abusive person.  The State argues that the physical abuse evidence was admissible to rebut the defense’s theory that J.K. lied, to show J.K.’s state of mind, and to illustrate the previous and subsequent relationship she had with Appellant and that it was not overly prejudicial to Appellant’s case.

Evidence is relevant when it has a tendency to make the existence of any fact more probable or less probable than it would have been without the evidence. 
Tex. R. Evid. 
401.  A trial court is afforded the discretion to decide the relevance and admissibility of evidence, and unless the court has abused that discretion by ruling on relevance arbitrarily or capriciously, the ruling will not be disturbed on appeal.  
Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 966 (1993).

Evidence of other crimes, wrongs, or bad acts is not admissible if offered to prove the character of a person in order to show action in conformity therewith.  
Tex. R. Evid. 
404(b).  However, when the other crimes, wrongs, or bad acts were committed by the defendant against a child who is the victim of the alleged offense, this evidence is admissible for its bearing on relevant matters, such as the state of mind of the defendant and the child and their previous and subsequent relationship.  
Tex. Code Crim. Proc. Ann. 
art. 38.37, § 2 (Vernon Supp. 2006); 
Jones v. State
, 119 S.W.3d 412, 420 (Tex. App.—Fort Worth 2003, no pet.).  Extraneous offense evidence that tends to rebut some defensive theory is relevant beyond its tendency to prove a person’s character or that he acted in conformity therewith. 
 Montgomery
, 810 S.W.2d at 387
; 
Russell v. State
, 113 S.W.3d 530, 535 (Tex. App.—Fort Worth 2003, pet. ref’d). 
 Evidence that is admissible under article 38.37 may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. 
Tex. R. Evid. 
403; 
Jones
, 119 S.W.3d at 421. 

Here, the trial court could have found that the evidence at issue met the requirements of Texas Code of Criminal Procedure article 38.37, section 2.  The evidence of other physical abuse of J.K. and her brother involved other bad acts committed by Appellant against J.K., the victim.  It pertained to J.K.’s state of mind about not telling anyone about the abuse, based on the worsening of abuse by Appellant to her brother that she had witnessed.  It provided context about the previous and subsequent relationship between J.K. and Appellant.  And it served to rebut the defense’s theory that J.K. was lying by providing an explanation of why she waited two years to tell anyone about the sexual abuse. Accordingly, we conclude the evidence of prior physical abuse met the requirements of article 38.37, section 2.  Having found the evidence relevant, the trial court then had to evaluate it in light of rule 403.

Because the trial court is in a superior position to gauge the impact of relevant evidence in evaluating its determination under rule 403, we reverse the trial court’s decision to admit the evidence only after a clear abuse of discretion.  
Mozon v. State
, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); 
Jones
, 119 S.W.3d at 421-22.  Relevant evidence may be excluded under rule 403 only when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, or needless presentation of cumulative evidence.  
Tex. R. Evid. 
403; 
Mozon
, 991 S.W.2d at 846-47. 

There are four relevant criteria in determining whether the prejudice of an extraneous offense substantially outweighs its probative value. 
Mozon
, 991 S.W.2d 
at 847 (citing 
Montgomery
, 810 S.W.2d at 389-90).  The first, how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable, is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense.  
Id
.  Two other criteria are whether the other offense evidence has the potential to impress the jury “in some irrational but nevertheless indelible way” and how much time, needed to develop the evidence, will the jury be distracted from consideration of the indicted offense?  
Id
.  Finally, the court must consider whether the proponent has other probative evidence available to him to help establish the fact and whether the fact is related to an issue in dispute. 
 Id
.
 

The evidence consisted of J.K.’s testimony that Appellant had been investigated twice for physical abuse of her brother and of its effect on her mental state about reporting the offense at issue.
(footnote: 3)  Her testimony tended to make it more probable that she did not report the sexual abuse earlier because she was afraid.
(footnote: 4) 
 However, other than J.K.’s testimony, the State presented no evidence to show that Appellant physically abused J.K. and her brother.  This evidence did have the potential to impress the jury in an irrational, indelible way, but its relevance to the indicted offenses meant that little time was taken away from the jury’s direct consideration of the indicted offenses.  The record does not reflect whether the trial court considered other probative evidence available to the State to establish J.K.’s state of mind, but the physical abuse testimony clearly related to the issue in dispute: whether Appellant committed the offenses charged.  The physical abuse related directly to J.K.’s reasons for not telling anyone about the sexual abuse for two years, and it allowed the jury an opportunity to decide whether she was lying, either about the physical abuse or the charged offenses.  Also, to exclude relevant evidence, its probative value must be 
substantially
 outweighed by the danger of unfair prejudice.  
Tex. R. Evid
. 403.  Even if this evidence caused some degree of unfair prejudice to Appellant, nothing in the record shows that it substantially outweighed the value of J.K.’s testimony about the physical abuse as a reason for her silence.  The relevant facts indicate that the trial court had sufficient information upon which to exercise its discretion and that it did not act in an unreasonable or arbitrary manner in admitting the extraneous offense evidence.  Therefore, we conclude that the trial court did not abuse its discretion.

B.  Admissibility Of The Pornographic Magazines

Appellant also complains that the trial court erred by admitting into evidence two pornographic magazines, which he claims were extraneous,  unfairly prejudicial, and introduced to show that Appellant acted in conformity with his oversexed character.  The State counters that the magazines, which portrayed underaged young women in sexual situations, provided circumstantial evidence of Appellant’s intent to arouse or gratify his sexual desire with a child younger than seventeen, an element of the charged offenses.  The State adds that, even if the magazines’ introduction into evidence was error, it was harmless because the pornographic video involving midgets, also evidencing Appellant’s unusual predilection, was already before the jury. 

As discussed above, extraneous offense evidence is admissible for some purposes, and it is within the trial court’s discretion to admit or exclude it. Moreover, appellate courts should give great discretion to the trial courts in matters of relevancy, reversing only if the trial court acts outside “the zone of reasonable disagreement.”  
Montgomery
, 810 S.W.2d at 391.  Under Texas Rule of Evidence 404(b), evidence of other bad acts may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. 
Tex. R. Evid
. 404(b); 
Russell
, 113 S.W.3d at 535.

Criminal intent is an intangible, which can only be proved by circumstantial evidence.  
Darby v. State
, 922 S.W.2d 614, 620 (Tex. App.—Fort Worth 1996, writ. ref’d) (citing 
Arnott v. State
, 498 S.W.2d 166, 177 (Tex. Crim. App.1973) (op. on reh’g)).  Evidence is “relevant” if it influences facts that concern the ultimate determination of guilt.  
Lockhart v. State
, 847 S.W.2d 568, 574 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 849 (1993).  Circumstantial evidence is admissible if it tends to prove an issue or constitutes a link in the chain of proof even though, standing alone, it might not justify a verdict.  
Knapp v. State
, 504 S.W.2d 421, 437 (Tex. Crim. App. 1973) (op. on reh’g).

Appellant argues that merely possessing the magazines did not indicate that he planned to assault J.K.  He argues that 
Darby
, a case in which we held that a sexually explicit magazine was admissible as circumstantial evidence of intent to assault, is not applicable here.  922 S.W.2d at 620.  In 
Darby
, the defendant attempted to recreate a scenario similar to one in a pornographic magazine discovered upon a search of his home closet.  
Id
.  Appellant argues that because he did not show the magazines to J.K. or make her “copy” the pictures in the magazines, our reasoning in 
Darby
 should not apply.  We disagree.  

The magazines’ relevance lies in their tendency to make it more probable that Appellant did intend to sexually assault his daughter, J.K., a child under age seventeen, because it demonstrates his predilection for underaged females.  It is a link in the chain of evidence that also included J.K.’s testimony, the semen-stained bed comforter, and the pornographic video involving midgets.  In 
Darby
, we concluded that rule 404(b) would be meaningless if it forbade circumstantial evidence bearing on a source or explanation of a defendant’s intent to commit an offense, simply because such evidence might incidentally cause jurors to decide that the defendant not only had the requisite intent, but also a bad character.  
Id
. at 622.  That reasoning applies here—while the magazines had the potential to impress the jury in an irrational, indelible way, their relevance in demonstrating Appellant’s intent substantially outweighs any prejudicial effect.  Because the magazines tended to make the intent element of the indicted offenses more probable, they took no time away from the jury’s consideration of those offenses.

Intent is inferred from action and other circumstances.  While the State had and introduced other evidence to establish the intent element, the magazines provided an additional link between Appellant’s formation of intent and his actions with J.K., and therefore the trial court acted within its discretion when it admitted the magazines into evidence. 

Because the trial court did not abuse its discretion in admitting the extraneous offense evidence, we overrule Appellant’s first point.

INDICTMENT AMENDMENT AND CHALLENGE TO NOTICE

In his second point, Appellant complains that the trial court committed reversible error by permitting the State to amend the indictment on the day of Appellant’s trial on the merits, over Appellant’s objection.  Specifically, he claims that the manner in which count III was originally written was defective and alleged no offense, so that the State’s alteration actually charged the offense.  In the original indictment, the word “intentionally” appears twice.
(footnote: 5)  Appellant argues that the trial court deleted both the first “intentionally” and the second “intentionally” when it removed count III’s extra language, changing the charge against him.
(footnote: 6)  Because he claims these were amendments, he argues that he was deprived of notice and the ten-day preparation period allotted to defendants in article 28.10 of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann. 
art. 28.10 (Vernon 2005). 

The State asserts that the trial court properly allowed the State to abandon surplusage in count III on the day of trial and that even if not proper, it caused no harm because Appellant was already aware of the charge against him.  The State also claims that upon a close reading of the reporter’s record and the indictment itself, it is clear that the second “intentionally” was not deleted from the indictment.

No amendment to the indictment is allowed on the day of trial, before trial begins.  
Tex. Code Crim. Proc. Ann. 
art. 28.10(a); 
Sodipo v. State
, 815 S.W.2d 551, 555-56 (Tex. Crim. App. 1990) (op. on reh’g).  The indictment may not be amended over the defendant’s objection as to form or substance if the amended indictment charges him with an additional or different offense or if his substantial rights are prejudiced.  
Tex. Code Crim. Proc. Ann
. art. 28.10(c).  Therefore, we must consider (1) whether count III, with the excess language, charged an offense at all and (2) whether removal of the excess language was an amendment that created a new offense or merely an abandonment of extra language with no impact on Appellant’s substantial rights.

An indictment must provide notice of the offense in order to allow a defendant to prepare a defense.  
Cook v. State
, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995).  The elements of an offense consist of a forbidden conduct with a required culpability.  
Tex. Penal Code Ann
. § 1.07(a)(22)(A)-(D) (Vernon Supp. 2006); 
see also Fuller v. State
, 73 S.W.3d 250, 252-53 (Tex. Crim. App. 2002) (discussing substantive elements of criminal offenses).  Before the State requested the removal of some of the language in count III, the contested portion of that count read as follows: 

ANTHONY WAYNE KENLEY, on or about the 1st day of September, 2004, and anterior to the presentment of this indictment, in the County of Denton and State of Texas, did then and there with the intent to arouse or gratify the sexual desire of the said defendant,
 intentionally
 or knowingly then and there, with the intent to arouse or gratify the sexual desire of said defendant,  
intentionally
 or knowingly engage in sexual contact with [J.K.], a child younger than 17 years and not the spouse of the defendant, by causing the said [J.K.] to touch the genitals of the defendant; [Emphasis added.]

The forbidden conduct was listed: to engage in sexual contact with a child younger than seventeen years and not Appellant’s spouse by causing the child to touch Appellant’s genitals.  The required culpability was listed: to engage in the forbidden conduct intentionally or knowingly with the intent to arouse or gratify Appellant’s sexual desire.  We conclude that count III of the indictment, as originally written, was not defective and sufficiently alleged the offense because although some of the language is repetitive, Appellant did have notice of the elements of the offense prior to the day of trial.  We next consider whether removal of the repetitive language constituted an amendment, or merely an abandonment.

After the State made its request on the day of trial, the trial court lined through and initialed the following language in count III: “intentionally or knowingly then and there, with the intent to arouse or gratify the sexual desire of said defendant.”  This left count III to read, the removed language indicated by ellipses, as: 

ANTHONY WAYNE KENLEY, on or about the 1st day of September, 2004, and anterior to the presentment of this indictment, in the County of Denton and State of Texas, did then and there with the intent to arouse or gratify the sexual desire of the said defendant, [ . . . ] intentionally or knowingly engage in sexual contact with [J.K.], a child younger than 17 years and not the spouse of the defendant, by causing the said [J.K.] to touch the genitals of the defendant;

The forbidden conduct remained listed: to engage in sexual contact with a child younger than seventeen years and not Appellant’s spouse by causing the child to touch Appellant’s genitals.  However, Appellant contends that the removal of the excess language constituted an amendment and that the second “intentionally” was also interlineated by the trial judge.

The court of criminal appeals has drawn a distinction between the “amendment” of an indictment and the “abandonment” of language in an indictment.  
Eastep v. State
, 941 S.W.2d 130, 134-35 (Tex. Crim. App. 1997), 
overruled by Gollihar v. State
, 46 S.W.3d 243, 256-57 (Tex. Crim. App. 2001),
(footnote: 7) 
and on other grounds by Riney v. State
, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000).  An amendment is an alteration to the face of the indictment that affects the substance of the charging instrument. 
 Id.
 at 132; 
Moore
, 54 S.W.3d at 546.  It triggers the requirements of article 28.10, while an abandonment of language in the indictment does not.  
Eastep
, 941 S.W.2d at 133, 135.  An abandonment occurs when (1) language alleging one or more of the alternative means in which an offense may be committed is deleted, (2) language alleging a greater offense is deleted and results in the reduction of the prosecution to a lesser included offense, or (3) surplus language is deleted.  
Id
. at 135; 
Moore
, 54 S.W.3d at 546.

Surplusage is language which is not descriptive of what is legally essential to the validity of the indictment.  
Eastep
, 941 S.W.2d at 134; 
Garza v. State
, 50 S.W.3d 559, 563 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  Deletion of surplusage is not an amendment of the indictment and does not implicate article 28.10.  
Moore
, 54 S.W.3d at 546-47; 
see also Hall
, 62 S.W.3d at 919; 
Garza
, 50 S.W.3d at 563
.

The parties did not discuss the second “intentionally” at the time that the duplicate language was addressed.  Nor did they address it at the time that they discussed the jury charges.  When the court asked if there were any objections to the jury charge that properly tracked the indictment, including the word “intentionally” in count III, Appellant made no objection to its inclusion.

As reflected on the face of the altered indictment itself, the line drawn through the additional text in count III does not go through the second “intentionally.”  It goes under it, with a second wavy line drawn through that line, to clear up any misinterpretation.  It is initialed “L.G.” above the wavy line, immediately before the second “intentionally.”
(footnote: 8)
 Upon review, the absence of any discussion at the arraignment about the second “intentionally,”
(footnote: 9) combined with the absence of an objection to the presence of “intentionally” in the proposed charge by Appellant at the charge conference, and a close review of the indictment itself, we conclude that the trial court did not intend to delete the second “intentionally” and therefore did not do so.

In addition to the forbidden conduct element, then, the required culpability also remained listed in count III: to engage in the forbidden conduct intentionally or knowingly with the intent to arouse or gratify Appellant’s sexual desire.  Before and after the removal of the excess language, the elements of the charge remained the same.  
See Garza
, 50 S.W.3d at 563 (deleting duplicate language has no effect on charge if legally essential language remains); 
cf. Nichols v. State
, 52 S.W.3d 501, 502-03 (Tex. App.—Dallas 2001, no pet.) (stating that the test for whether an amended indictment charges a different offense under article 28.10(c) is whether it charges a different statutory offense). 
 Therefore, because the language removal constituted a deletion of surplusage, and because Appellant already had notice of the offense under the original count III, his substantial rights were not prejudiced.  
Tex. Code Crim. Proc. Ann. 
art. 28.10(c); 
Hall
, 62 S.W.3d at 919.  We overrule Appellant’s second point.

CONCLUSION

Having overruled Appellant’s two points, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 12, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellant argued that these magazines were not relevant and were extraneous and unfairly prejudicial.

3:
J.K. testified that she did not want to report Appellant for sexual abuse because “it got worse with my brother just because he reported physical abuse, and I didn’t know—I didn’t want my dad to turn around and do it to me.”

4:
Per 
Mozon
, this would be a “fact of consequence.”  
991 S.W.2d at 847.

5:
We refer to the initial appearance of the word “intentionally” in count III as the first “intentionally” and its second appearance as the second “intentionally.”

6:
A copy of the pertinent portion of the altered indictment is attached in Appendix A.  To protect the victim, we identify her by her initials.  
See 
Tex. Code Crim. Proc. Ann.
 art. 57.01(2) (Vernon Supp. 2006).

7:
A review of 
Gollihar
 reveals that surplusage law was only overruled insofar as it related to the sufficiency of the evidence to support a conviction. 46 S.W.3d at 257.  
See Moore v. State
, 54 S.W.3d 529, 546-47 (Tex. App.—Fort Worth 2001, pet. ref’d) (deleting alternate means of committing offense from indictment’s face did not trigger article 28.10 statutory protections) 
and Hall v. State
, 62 S.W.3d 918, 920 (Tex. App.—Dallas 2001, pet. ref’d) (stating that there is nothing in the reasoning of 
Gollihar
 that would suggest the court of criminal appeals intended to overrule surplusage law as it pertains to article 28.10 of the code of criminal procedure).  Here, Appellant does not raise a sufficiency point or argue that a variance exists between the indictment and the proof.  Thus, for purposes of determining whether change to the indictment was an “amendment” or an “abandonment,” we consider existing surplusage law.  Moreover, applying 
Gollihar
’s “fatal variance” analysis to the present facts, the alteration of this indictment was immaterial.  46 S.W.3d at 250.

8:
The Honorable Lee Gabriel presided in the trial court over this case.

9:
Regarding the removal of the excess language at the arraignment, the trial judge stated, “I don’t think it’s changing anything.  I think it’s just taking out duplicate language.”