COURT OF
 APPEALS
                                                 
 SECOND DISTRICT OF TEXAS
                                                                
 FORT WORTH
  
  
                                        
 NO. 2-06-127-CR
  
  
 ANTHONY WAYNE KENLEY                                                 
 APPELLANT
  
                                                   
 V.
  
 THE STATE OF TEXAS                                                               
 STATE
  
                                              
 ------------
  
            
 FROM THE 367TH DISTRICT COURT OF DENTON
 COUNTY
  
                                              
 ------------
  
                                
 MEMORANDUM
 OPINION[1]
  
                                              
 ------------




 Appellant Anthony Wayne Kenley
 appeals his convictions for two counts of aggravated sexual assault and two
 counts of indecency with a child.  In
 two points, he complains that the trial court abused its discretion by
 improperly admitting extraneous offense evidence during the guilt-innocence
 phase and committed reversible error by permitting the State to amend the
 indictment after the trial on the merits had begun. 
 Because the extraneous offense evidence was not improperly admitted and
 the changes to the indictment merely abandoned surplusage, we affirm.
 BACKGROUND
 Because Appellant does not
 challenge the sufficiency of the evidence, we will only briefly recite the
 evidence as it relates to Appellant=s points.
 The complainant, J.K.,
 testified that her father, Appellant, began sexually abusing her when she was
 eleven years old, after her first stepmother, Cindy, divorced Appellant. 
 J.K. testified that the abuse continued until she told someone about it
 a couple of years later, at age thirteen, after her second stepmother, Effie,
 gave birth to a girl.
 During Appellant=s arraignment on the day of trial, the State moved to abandon duplicate
 language contained in count III of the indictment. 
 The trial judge overruled Appellant=s objection to this change and granted the State=s request.




 During the guilt-innocence
 stage, J.K. testified that she waited two years before telling anyone about
 the abuse because she was afraid of what might have happened and Adidn=t know what
 [her] dad was capable of.@ 
 Outside the jury=s presence, Appellant sought to exclude any elaboration on this
 evidence as extraneous and unfairly prejudicial. 
 After the trial court overruled his objection, Appellant renewed it in
 the jury=s presence, at which time the trial court again overruled it and
 granted him a running objection.  J.K.
 testified before the jury that Appellant had a quick and angry temper and
 would beat her and her brother when he got angry, Awhich was pretty much almost every other day.@  She testified that
 Appellant had been investigated twice about physical abuse of her brother and
 that both times the abuse became worse afterwards.        
 The trial court also overruled Appellant=s objection to the introduction of two pornographic magazines, titled AEighteen@ and ABaby Face,@ which had
 been seized by warrant from Appellant=s closet.[2] 
 The trial court later provided a limiting instruction in the jury
 charge with regard to testimony of extraneous offenses.
 Other evidence about the
 sexual abuse included J.K.=s detailed testimony,  in
 which she mentioned a pornographic video involving midgets, titled ASomewhere Under the Rainbow.@  This video was admitted
 into evidence and part of its nonsexual content was played for the jury. 
 J.K.=s blue and white bed comforter and sheets were also admitted. 
 The comforter tested positive for Appellant=s semen.




 The jury found Appellant
 guilty on all counts and assessed punishment. The trial court sentenced
 Appellant to confinement, fifty and sixty years for the two aggravated sexual
 assault convictions, and twenty years for each of the indecency with a child
 convictions.
 EXTRANEOUS OFFENSE EVIDENCE
 Appellant complains that the
 trial court improperly admitted extraneous offense evidence in the form of
 unrelated physical abuse of his children and two pornographic magazines.




 We review a trial court=s ruling to admit evidence under an abuse of discretion standard. 
 Green v. State, 934 S.W.2d 92, 101‑02 (Tex. Crim. App.
 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
 (op. on reh=g).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Montgomery,
 810 S.W.2d at 391.  As long as the
 trial court=s ruling falls within the zone of reasonable disagreement, we will
 affirm its decision.  Moses v.
 State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). 
 The trial court=s decision
 must be reasonable in view of all the relevant facts. 
 Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). 
 The mere fact that a trial court may decide a matter within its
 discretionary authority in a different manner than an appellate court would in
 a similar circumstance does not demonstrate that an abuse of discretion has
 occurred.  Manning v. State,
 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). 
 A.  Admissibility
 Of The Physical Abuse Evidence
 Appellant complains that the
 trial court erred by admitting into evidence testimony by J.K. about other
 acts of physical abuse.  He claims
 this testimony was extraneous and unfairly prejudicial, in that it was
 introduced solely to prove that he acted in conformity with his character as
 an abusive person.  The State
 argues that the physical abuse evidence was admissible to rebut the defense=s theory that J.K. lied, to show J.K.=s state of mind, and to illustrate the previous and subsequent
 relationship she had with Appellant and that it was not overly prejudicial to
 Appellant=s case.
 Evidence is relevant when it
 has a tendency to make the existence of any fact more probable or less
 probable than it would have been without the evidence. Tex.
 R. Evid. 401.  A trial court
 is afforded the discretion to decide the relevance and admissibility of
 evidence, and unless the court has abused that discretion by ruling on
 relevance arbitrarily or capriciously, the ruling will not be disturbed on
 appeal.  Moreno v. State,
 858 S.W.2d 453, 463 (Tex. Crim. App.), cert. denied, 510 U.S. 966
 (1993).




 Evidence of other crimes,
 wrongs, or bad acts is not admissible if offered to prove the character of a
 person in order to show action in conformity therewith. 
 Tex. R. Evid. 404(b). 
 However, when the other crimes, wrongs, or bad acts were committed by
 the defendant against a child who is the victim of the alleged offense, this
 evidence is admissible for its bearing on relevant matters, such as the state
 of mind of the defendant and the child and their previous and subsequent
 relationship.  Tex.
 Code Crim. Proc. Ann. art. 38.37, ' 2 (Vernon Supp. 2006); Jones v. State, 119 S.W.3d 412, 420
 (Tex. App.CFort Worth
 2003, no pet.).  Extraneous offense
 evidence that tends to rebut some defensive theory is relevant beyond its
 tendency to prove a person=s character or that he acted in conformity therewith.  Montgomery,
 810 S.W.2d at 387; Russell v. State, 113 S.W.3d 530, 535 (Tex. App.CFort Worth 2003, pet. ref=d).  Evidence that is
 admissible under article 38.37 may still be excluded if its probative value is
 substantially outweighed by the danger of unfair prejudice. Tex.
 R. Evid. 403; Jones, 119 S.W.3d at 421. 




 Here, the trial court could
 have found that the evidence at issue met the requirements of Texas Code of
 Criminal Procedure article 38.37, section 2. 
 The evidence of other physical abuse of J.K. and her brother involved
 other bad acts committed by Appellant against J.K., the victim. 
 It pertained to J.K.=s state of mind about not telling anyone about the abuse, based on the
 worsening of abuse by Appellant to her brother that she had witnessed. 
 It provided context about the previous and subsequent relationship
 between J.K. and Appellant.  And it
 served to rebut the defense=s theory that J.K. was lying by providing an explanation of why she
 waited two years to tell anyone about the sexual abuse. Accordingly, we
 conclude the evidence of prior physical abuse met the requirements of article
 38.37, section 2.  Having found the
 evidence relevant, the trial court then had to evaluate it in light of rule
 403.
 Because the trial court is in
 a superior position to gauge the impact of relevant evidence in evaluating its
 determination under rule 403, we reverse the trial court=s decision to admit the evidence only after a clear abuse of
 discretion.  Mozon v. State,
 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); Jones, 119 S.W.3d at 421‑22. 
 Relevant evidence may be excluded under rule 403 only when its
 probative value is substantially outweighed by the danger of unfair prejudice,
 confusion of the issues, misleading the jury, by considerations of undue
 delay, or needless presentation of cumulative evidence. 
 Tex. R. Evid. 403; Mozon,
 991 S.W.2d at 846-47. 




 There are four relevant
 criteria in determining whether the prejudice of an extraneous offense
 substantially outweighs its probative value. Mozon, 991 S.W.2d at 847
 (citing Montgomery, 810 S.W.2d at 389‑90). 
 The first, how compellingly the extraneous offense evidence serves to
 make a fact of consequence more or less probable, is related to the strength
 of the evidence presented by the proponent to show the defendant in fact
 committed the extraneous offense.  Id. 
 Two other criteria are whether the other offense evidence has the
 potential to impress the jury Ain some irrational but nevertheless indelible way@ and how much time, needed to develop the evidence, will the jury be
 distracted from consideration of the indicted offense? 
 Id.  Finally, the
 court must consider whether the proponent has other probative evidence
 available to him to help establish the fact and whether the fact is related to
 an issue in dispute.  Id. 




 The evidence consisted of J.K.=s testimony that Appellant had been investigated twice for physical
 abuse of her brother and of its effect on her mental state about reporting the
 offense at issue.[3] 
 Her testimony tended to make it more probable that she did not report
 the sexual abuse earlier because she was afraid.[4] 
 However, other than J.K.=s testimony, the State presented no evidence to show that Appellant
 physically abused J.K. and her brother.  This
 evidence did have the potential to impress the jury in an irrational,
 indelible way, but its relevance to the indicted offenses meant that little
 time was taken away from the jury=s direct consideration of the indicted offenses. 
 The record does not reflect whether the trial court considered other
 probative evidence available to the State to establish J.K.=s state of mind, but the physical abuse testimony clearly related to
 the issue in dispute: whether Appellant committed the offenses charged. 
 The physical abuse related directly to J.K.=s reasons for not telling anyone about the sexual abuse for two years,
 and it allowed the jury an opportunity to decide whether she was lying, either
 about the physical abuse or the charged offenses. 
 Also, to exclude relevant evidence, its probative value must be substantially
 outweighed by the danger of unfair prejudice. 
 Tex. R. Evid. 403.  Even
 if this evidence caused some degree of unfair prejudice to Appellant, nothing
 in the record shows that it substantially outweighed the value of J.K.=s testimony
 about the physical abuse as a reason for her silence. 
 The relevant facts indicate that the trial court had sufficient
 information upon which to exercise its discretion and that it did not act in
 an unreasonable or arbitrary manner in admitting the extraneous offense
 evidence.  Therefore, we conclude
 that the trial court did not abuse its discretion.
 B.  Admissibility
 Of The Pornographic Magazines




 Appellant also complains that
 the trial court erred by admitting into evidence two pornographic magazines,
 which he claims were extraneous,  unfairly
 prejudicial, and introduced to show that Appellant acted in conformity with
 his oversexed character.  The State
 counters that the magazines, which portrayed underaged young women in sexual
 situations, provided circumstantial evidence of Appellant=s intent to arouse or gratify his sexual desire with a child younger
 than seventeen, an element of the charged offenses. 
 The State adds that, even if the magazines= introduction into evidence was error, it was harmless because the
 pornographic video involving midgets, also evidencing Appellant=s unusual predilection, was already before the jury. 
 As discussed above, extraneous
 offense evidence is admissible for some purposes, and it is within the trial
 court=s discretion
 to admit or exclude it. Moreover, appellate courts should give great
 discretion to the trial courts in matters of relevancy, reversing only if the
 trial court acts outside Athe zone of
 reasonable disagreement.@ 
 Montgomery, 810 S.W.2d at 391. 
 Under Texas Rule of Evidence 404(b), evidence of other bad acts may be
 admitted to prove motive, opportunity, intent, preparation, plan, knowledge,
 or absence of mistake or accident. Tex.
 R. Evid. 404(b); Russell, 113 S.W.3d at 535.




 Criminal intent is an
 intangible, which can only be proved by circumstantial evidence. 
 Darby v. State, 922 S.W.2d 614, 620 (Tex. App.CFort Worth
 1996, writ. ref=d) (citing Arnott
 v. State, 498 S.W.2d 166, 177 (Tex. Crim. App.1973) (op. on reh=g)).  Evidence is Arelevant@ if it
 influences facts that concern the ultimate determination of guilt. 
 Lockhart v. State, 847 S.W.2d 568, 574 (Tex. Crim. App. 1992), cert.
 denied, 510 U.S. 849 (1993).  Circumstantial
 evidence is admissible if it tends to prove an issue or constitutes a link in
 the chain of proof even though, standing alone, it might not justify a
 verdict.  Knapp v. State,
 504 S.W.2d 421, 437 (Tex. Crim. App. 1973) (op. on reh=g).
 Appellant argues that merely
 possessing the magazines did not indicate that he planned to assault J.K. 
 He argues that Darby, a case in which we held that a sexually
 explicit magazine was admissible as circumstantial evidence of intent to
 assault, is not applicable here.  922
 S.W.2d at 620.  In Darby,
 the defendant attempted to recreate a scenario similar to one in a
 pornographic magazine discovered upon a search of his home closet. 
 Id.  Appellant argues
 that because he did not show the magazines to J.K. or make her Acopy@ the pictures
 in the magazines, our reasoning in Darby should not apply. 
 We disagree.  




 The magazines= relevance lies in their tendency to make it more probable that
 Appellant did intend to sexually assault his daughter, J.K., a child under age
 seventeen, because it demonstrates his predilection for underaged females. 
 It is a link in the chain of evidence that also included J.K.=s testimony,
 the semen-stained bed comforter, and the pornographic video involving midgets. 
 In Darby, we concluded that rule 404(b) would be meaningless if
 it forbade circumstantial evidence bearing on a source or explanation of a
 defendant=s intent to commit an offense, simply because such evidence might
 incidentally cause jurors to decide that the defendant not only had the
 requisite intent, but also a bad character. 
 Id. at 622.  That
 reasoning applies hereCwhile the
 magazines had the potential to impress the jury in an irrational, indelible
 way, their relevance in demonstrating Appellant=s intent substantially outweighs any prejudicial effect. 
 Because the magazines tended to make the intent element of the indicted
 offenses more probable, they took no time away from the jury=s
 consideration of those offenses.
 Intent is inferred from action
 and other circumstances.  While the
 State had and introduced other evidence to establish the intent element, the
 magazines provided an additional link between Appellant=s formation of intent and his actions with J.K., and therefore the
 trial court acted within its discretion when it admitted the magazines into
 evidence. 
 Because the trial court did
 not abuse its discretion in admitting the extraneous offense evidence, we
 overrule Appellant=s first
 point.
 INDICTMENT AMENDMENT AND
 CHALLENGE TO NOTICE




 In his second point, Appellant
 complains that the trial court committed reversible error by permitting the
 State to amend the indictment on the day of Appellant=s trial on the merits, over Appellant=s objection.  Specifically,
 he claims that the manner in which count III was originally written was
 defective and alleged no offense, so that the State=s alteration actually charged the offense. 
 In the original indictment, the word Aintentionally@ appears
 twice.[5] 
 Appellant argues that the trial court deleted both the first Aintentionally@ and the second Aintentionally@ when it removed count III=s extra language, changing the charge against him.[6] 
 Because he claims these were amendments, he argues that he was deprived
 of notice and the ten-day preparation period allotted to defendants in article
 28.10 of the Texas Code of Criminal Procedure. 
 Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 2005). 
 The State asserts that the
 trial court properly allowed the State to abandon surplusage in count III on
 the day of trial and that even if not proper, it caused no harm because
 Appellant was already aware of the charge against him. 
 The State also claims that upon a close reading of the reporter=s record and
 the indictment itself, it is clear that the second Aintentionally@ was not
 deleted from the indictment.




 No amendment to the indictment
 is allowed on the day of trial, before trial begins. 
 Tex. Code Crim. Proc. Ann. art.
 28.10(a); Sodipo v. State, 815 S.W.2d 551, 555‑56 (Tex. Crim.
 App. 1990) (op. on reh=g).  The indictment may not
 be amended over the defendant=s objection as to form or substance if the amended indictment charges
 him with an additional or different offense or if his substantial rights are
 prejudiced.  Tex. Code Crim. Proc. Ann. art. 28.10(c). 
 Therefore, we must consider (1) whether count III, with the excess
 language, charged an offense at all and (2) whether removal of the excess
 language was an amendment that created a new offense or merely an abandonment
 of extra language with no impact on Appellant=s substantial rights.
 An indictment must provide
 notice of the offense in order to allow a defendant to prepare a defense. 
 Cook v. State, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995). 
 The elements of an offense consist of a forbidden conduct with a
 required culpability.  Tex.
 Penal Code Ann. '
 1.07(a)(22)(A)‑(D) (Vernon Supp. 2006); see also Fuller v. State,
 73 S.W.3d 250, 252‑53 (Tex. Crim. App. 2002) (discussing substantive
 elements of criminal offenses).  Before
 the State requested the removal of some of the language in count III, the
 contested portion of that count read as follows: 




 ANTHONY
 WAYNE KENLEY, on or about the 1st day of September, 2004, and anterior to the
 presentment of this indictment, in the County of Denton and State of Texas,
 did then and there with the intent to arouse or gratify the sexual desire of
 the said defendant, intentionally or knowingly then and there, with the
 intent to arouse or gratify the sexual desire of said defendant, 
 intentionally or knowingly engage in sexual contact with [J.K.],
 a child younger than 17 years and not the spouse of the defendant, by causing
 the said [J.K.] to touch the genitals of the defendant; [Emphasis added.]
  
 The forbidden conduct was
 listed: to engage in sexual contact with a child younger than seventeen years
 and not Appellant=s spouse by
 causing the child to touch Appellant=s genitals.  The required
 culpability was listed: to engage in the forbidden conduct intentionally or
 knowingly with the intent to arouse or gratify Appellant=s sexual desire.  We
 conclude that count III of the indictment, as originally written, was not
 defective and sufficiently alleged the offense because although some of the
 language is repetitive, Appellant did have notice of the elements of the
 offense prior to the day of trial.  We
 next consider whether removal of the repetitive language constituted an
 amendment, or merely an abandonment.
 After the State made its
 request on the day of trial, the trial court lined through and initialed the
 following language in count III: Aintentionally or knowingly then and there, with the intent to arouse or
 gratify the sexual desire of said defendant.@  This left count III to
 read, the removed language indicated by ellipses, as: 




 ANTHONY WAYNE KENLEY, on or
 about the 1st day of September, 2004, and anterior to the presentment of this
 indictment, in the County of Denton and State of Texas, did then and there
 with the intent to arouse or gratify the sexual desire of the said defendant,
 [ . . . ] intentionally or knowingly engage in sexual contact with [J.K.], a
 child younger than 17 years and not the spouse of the defendant, by causing
 the said [J.K.] to touch the genitals of the defendant;
 The forbidden conduct remained
 listed: to engage in sexual contact with a child younger than seventeen years
 and not Appellant=s spouse by causing the child to touch Appellant=s genitals.  However,
 Appellant contends that the removal of the excess language constituted an
 amendment and that the second Aintentionally@ was also interlineated by the trial judge.




 The court of criminal appeals
 has drawn a distinction between the Aamendment@ of an
 indictment and the Aabandonment@ of language in an indictment.  Eastep
 v. State, 941 S.W.2d 130, 134-35 (Tex. Crim. App. 1997), overruled by
 Gollihar v. State, 46 S.W.3d 243, 256-57 (Tex. Crim. App. 2001),[7]
 and on other grounds by Riney v. State, 28 S.W.3d 561, 565-66 (Tex.
 Crim. App. 2000).  An amendment is
 an alteration to the face of the indictment that affects the substance of the
 charging instrument.  Id. at
 132; Moore, 54 S.W.3d at 546.  It
 triggers the requirements of article 28.10, while an abandonment of language
 in the indictment does not.  Eastep,
 941 S.W.2d at 133, 135.  An
 abandonment occurs when (1) language alleging one or more of the alternative
 means in which an offense may be committed is deleted, (2) language alleging a
 greater offense is deleted and results in the reduction of the prosecution to
 a lesser included offense, or (3) surplus language is deleted. 
 Id. at 135; Moore, 54 S.W.3d at 546.
 Surplusage is language which
 is not descriptive of what is legally essential to the validity of the
 indictment.  Eastep, 941
 S.W.2d at 134; Garza v. State, 50 S.W.3d 559, 563 (Tex. App.CHouston [1st Dist.] 2001, no pet.). 
 Deletion of surplusage is not an amendment of the indictment and does
 not implicate article 28.10.  Moore,
 54 S.W.3d at 546‑47; see also Hall, 62 S.W.3d at 919; Garza,
 50 S.W.3d at 563.
 The parties did not discuss
 the second Aintentionally@ at the time that the duplicate language was addressed. 
 Nor did they address it at the time that they discussed the jury
 charges.  When the court asked if
 there were any objections to the jury charge that properly tracked the
 indictment, including the word Aintentionally@ in count
 III, Appellant made no objection to its inclusion.




 As reflected on the face of
 the altered indictment itself, the line drawn through the additional text in
 count III does not go through the second Aintentionally.@ 
 It goes under it, with a second wavy line drawn through that line, to
 clear up any misinterpretation.  It
 is initialed AL.G.@ above the
 wavy line, immediately before the second Aintentionally.@[8]
 Upon review, the absence of
 any discussion at the arraignment about the second Aintentionally,@[9] combined with the absence of an objection to the presence of Aintentionally@ in the
 proposed charge by Appellant at the charge conference, and a close review of
 the indictment itself, we conclude that the trial court did not intend to
 delete the second Aintentionally@ and therefore did not do so.




 In addition to the forbidden
 conduct element, then, the required culpability also remained listed in count
 III: to engage in the forbidden conduct intentionally or knowingly with the
 intent to arouse or gratify Appellant=s sexual desire.  Before and
 after the removal of the excess language, the elements of the charge remained
 the same.  See Garza, 50
 S.W.3d at 563 (deleting duplicate language has no effect on charge if legally
 essential language remains); cf. Nichols v. State, 52 S.W.3d 501,
 502-03 (Tex. App.CDallas 2001, no pet.) (stating that the test for whether an amended
 indictment charges a different offense under article 28.10(c) is whether it
 charges a different statutory offense).  Therefore,
 because the language removal constituted a deletion of surplusage, and because
 Appellant already had notice of the offense under the original count III, his
 substantial rights were not prejudiced.  Tex.
 Code Crim. Proc. Ann. art. 28.10(c); Hall, 62 S.W.3d at 919. 
 We overrule Appellant=s second point.
 CONCLUSION
 Having overruled Appellant=s two points, we affirm the judgment of the trial court.
  
 PER CURIAM
  
 PANEL F:  HOLMAN,
 J.; CAYCE, C.J.; and MCCOY, J.
 DO
 NOT PUBLISH
 Tex. R. App. P. 47.2(b)
  
 DELIVERED: 
 October 12, 2006


See Appendix:  http://www.2ndcoa.courts.state.tx.us/images/206127CR_Appendix.jpg

 
 
  
 
 

 

 
 [1]See
 Tex.
 R. App. P. 47.4.
 
 
 [2]Appellant
 argued that these magazines were not relevant and were extraneous and
 unfairly prejudicial.
 
 
 [3]J.K.
 testified that she did not want to report Appellant for sexual abuse because
 Ait
 got worse with my brother just because he reported physical abuse, and I
 didn=t
 knowCI
 didn=t
 want my dad to turn around and do it to me.@
 
 
 [4]Per
 Mozon, this would be a Afact
 of consequence.@ 
 991 S.W.2d at 847.
 
 
 [5]We
 refer to the initial appearance of the word Aintentionally@
 in count III as the first Aintentionally@
 and its second appearance as the second Aintentionally.@
 
 
 [6]A
 copy of the pertinent portion of the altered indictment is attached in
 Appendix A.  To protect the
 victim, we identify her by her initials. 
 See Tex. Code Crim.
 Proc. Ann. art. 57.01(2) (Vernon Supp. 2006).
 
 
 [7]A
 review of Gollihar reveals that surplusage law was only overruled
 insofar as it related to the sufficiency of the evidence to support a
 conviction. 46 S.W.3d at 257.  See
 Moore v. State, 54 S.W.3d 529, 546-47 (Tex. App.CFort
 Worth 2001, pet. ref=d)
 (deleting alternate means of committing offense from indictment=s face did not trigger article 28.10 statutory protections) and
 Hall v. State, 62 S.W.3d 918, 920 (Tex. App.CDallas
 2001, pet. ref=d)
 (stating that there is nothing in the reasoning of Gollihar that
 would suggest the court of criminal appeals intended to overrule surplusage
 law as it pertains to article 28.10 of the code of criminal procedure). 
 Here, Appellant does not raise a sufficiency point or argue that a
 variance exists between the indictment and the proof. 
 Thus, for purposes of determining whether change to the indictment
 was an Aamendment@
 or an Aabandonment,@
 we consider existing surplusage law.  Moreover,
 applying Gollihar=s
 Afatal
 variance@
 analysis to the present facts, the alteration of this indictment was
 immaterial.  46 S.W.3d at 250.
 
 
 [8]The
 Honorable Lee Gabriel presided in the trial court over this case.
 
 
 [9]Regarding
 the removal of the excess language at the arraignment, the trial judge
 stated, AI
 don=t
 think it=s
 changing anything.  I think it=s just taking out duplicate language.@