**The STATE of Texas, Appellant,**

v.

**Ignacio VASQUEZ, Appellee.**

**No. 04–00–00241–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 8, 2000.

---

Diana Navarro, Asst. Dist. Atty., Laredo, for Appellant.

Oscar J. Pena, Sr., Laredo, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by TOM RICKHOFF, Justice.

The State charged the appellee with the offense of discharge of a firearm in certain municipalities. The trial court dismissed the case based on the appellee's allegation that the information did not allege any acts amounting to recklessness. The State now appeals. We agree with the appellee, and affirm.

The information alleged that

[O]n or about the 31ST day of DECEMBER, A.D., 1998 in said [Webb] County and State, IGNACIO VASQUEZ, did then and there recklessly discharge a firearm inside the corporate limits of a municipality having a population of 100,-000 or more, to wit: within the city limits of the City of Laredo, Webb County, Texas.

■ The appellee argues that the information did not inform him of the manner in which the State claimed he acted recklessly. The State contends the appellee was placed on notice that the State's theory was that appellee was reckless in firing a weapon in a heavily populated area. The cases upon which the State relies all support the trial court's dismissal. *See Gengnagel v. State*, 748 S.W.2d 227, 230 (Tex. Crim.App.1988) (information not sufficient because, although it alleged defendant exposed himself to another person, it did not allege any act or circumstances that would show that this exposition was done in a reckless manner); *Arredondo v. State*, 582 S.W.2d 457, 458–59 (Tex.Crim.App.1979) (information sufficient because it alleged the act of "grabbing the steering wheel of a motor vehicle and pulling said steering wheel to the right ... thereby recklessly causing said motor vehicle to veer to the right and strike the [victim]"); *Townsley v. State*, 538 S.W.2d 411, 413 (Tex.Crim. App.1976) (information sufficient because it alleged defendant "recklessly cause[d] the death of [the victim] by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over, thereby fatally injuring the said [victim]"); *Green v. State*, 638 S.W.2d 51, 52 (Tex.App.— Houston [1st Dist.] 1982, no pet.) (information sufficient because it informed defendant that the particular reckless act was "the firing of a shotgun in the area where [the complainant] was located without tak-

ing any precautions to insure that no one was present who would be struck by the shotgun blast.").

The Texas Penal Code makes it a misdemeanor offense to "recklessly discharge a firearm inside the corporate limits of a municipality having a population of 100,000 or more." Tᴇx.Pᴇɴ.Cᴏᴅᴇ § 42.12(a), (b) (Vernon Supp.2000). When the State charges a defendant with acting recklessly in the commission of an offense, the indictment must allege with reasonable certainty the act or acts relied upon to constitute recklessness. Tᴇx.Cᴏᴅᴇ Cʀɪᴍ .Pʀᴏᴄ.Aɴɴ. art. 21.15 (Vernon 1989). The indictment is not sufficient if it merely alleges that the accused acted recklessly in committing the offense. *Id.*

The State argues that discharging a firearm within the city limits of Laredo is *per se* reckless because the act of discharging a firearm inside a heavily populated city is in itself reckless. While this argument may be superficially appealing, it does not give meaning and effect to the distinct term "recklessly" used in Penal Code section 42.12(a), and thus violates the guiding standard of statutory interpretation that we must presume the legislature intended every word and phrase of a statute to have meaning and effect. *Morter v. State,* 551 S.W.2d 715, 718 (Tex.Crim.App. 1977). The State's argument would render the Penal Code's use of the word "recklessly" a nullity. If the legislature had intended the discharge of a firearm within city limits to be *per se* reckless, it need not have included the word "recklessly" in the statute.

In view of the statutory use of the word "recklessly" in Penal Code section 42.12(a), we find that the information did not inform appellee of the nature of his alleged recklessness. The trial court did not err in dismissing the information. Accordingly, we affirm the trial court's judgment.