THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COTY E. WATKINS, Defendant-Appellant.

Third District   No. 3—03—0826

━━━━━━━

Opinion filed October 28, 2005.

McDADE, J., dissenting.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer and Joe Mikula, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'BRIEN delivered the opinion of the court:

In a stipulated bench trial, the defendant, Coty E. Watkins, was found guilty of reckless discharge of a firearm (720 ILCS 5/24—1.5 (West 2002)) and possession of a firearm without a firearm owner's identification (FOID) card (430 ILCS 65/2 (West 2002)). He was sentenced to 18 months of conditional discharge. On appeal, the defendant argues that the State failed to prove the elements of reckless discharge of a firearm beyond a reasonable doubt. We affirm.

## BACKGROUND

At trial, the parties stipulated to the statements in several documents. The defendant's neighbor, Roger Shults, said in his statement that on the night of April 21, 2002, he and his family heard approximately five gunshots. Shortly after hearing the gunshots, Shults went outside and saw police cars "circling the area." A police officer from one of the squad cars approached Shults and asked him if he had

heard gunfire. Shults replied that he had heard gunshots. Shults informed the officer that immediately after hearing the shots in the present incident, he saw the defendant leave in a white Pontiac.

One of the officers' statements indicated that officers responded to the area of the incident at approximately 9:24 p.m. Officers stopped the defendant in his white Pontiac Grand Prix not far from his apartment. Meanwhile, another officer discovered several .40-caliber shell casings in the rear driveway of the defendant's residence.

An officer confronted the defendant about the presence of shell casings in his driveway. After further questioning by the officer, the defendant gave his consent for the officers to search his apartment for weapons.

While officers conducted the search at the apartment, the defendant informed one of them that there was a gun in the top drawer of his dresser. The officer retrieved a .40-caliber Glock handgun from the dresser. Another officer also recovered a .32-caliber gun and a 9-millimeter weapon in the residence. The defendant advised the officers that he did not have a FOID card for the weapons. The officers then arrested the defendant and transported him to the police station.

At the police station, the defendant gave a written statement to the police. In his statement, the defendant submitted that his brother owned the guns. On the day of the incident, his brother was out of town. The defendant contended that he took the Glock into the backyard and fired it into the air approximately four times. He stated to police, "I can't believe I was that stupid. I found the gun in the closet and just wanted to see how it worked. I was not shooting at anyone, and I was not trying to hurt anyone[.] I just fired the gun into the air."

The court later found the defendant guilty of reckless discharge of a firearm and possession of a firearm without a FOID card. The defendant appealed.

## ANALYSIS

The defendant contends that the State failed to prove the elements of reckless discharge of a firearm beyond a reasonable doubt.

■ "A person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual." 720 ILCS 5/24—1.5(a) (West 2002). "A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." 720 ILCS 5/4—6 (West 2002).

When reviewing a challenge to the sufficiency of the evidence, we are to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *People v. Collins*, 214 Ill. 2d 206, 824 N.E.2d 262 (2005).

Recently, the Illinois Supreme Court considered the elements of reckless discharge of a firearm in *Collins*, 214 Ill. 2d 206, 824 N.E.2d 262. The court stated that the offense has two prongs, which are (1) recklessly discharging a firearm; and (2) endangering the bodily safety of an individual. In *Collins*, the defendant argued that the State failed to prove the second prong. The *Collins* court held that the defendant's acts of repeatedly shooting a firearm into the air in a residential area satisfied the second prong of the offense. Because the *Collins* court did not consider the first prong, it did not analyze the reckless state of mind element of the offense.

■ In the present case, the stipulated evidence showed that the defendant repeatedly fired a gun into the air in a residential neighborhood. Thus, under *Collins*, the State proved the second prong of the offense beyond a reasonable doubt.

Next, we consider whether the State proved the first prong of the offense, as articulated by the *Collins* court, beyond a reasonable doubt. Specifically, our analysis focuses on whether the defendant recklessly discharged a firearm. The defendant admitted that he discharged a firearm several times into the air and further admitted he believed it was stupid to do so. These statements were stipulated to by the parties and are part of the record before us on review. Therefore, our analysis even more narrowly concerns whether the defendant fired the gun recklessly beyond a reasonable doubt.

The reckless state of mind may be inferred from all of the facts and circumstances in the record. *People v. Barham*, 337 Ill. App. 3d 1121, 788 N.E.2d 297 (2003). When recklessness has been found by the trier of fact, this determination should not be overturned unless inference of the mental state is inherently impossible or unreasonable. *In re Thur*, 80 Ill. App. 3d 592, 400 N.E.2d 564 (1980). The State need not prove that the defendant shot a gun knowing that he may injure a particular person to show the defendant's reckless state of mind. *People v. Thomas*, 8 Ill. App. 3d 690, 290 N.E.2d 418 (1972).

According to this court's research, analysis of the reckless state of mind, as applied to the offense of reckless discharge of a firearm, is a matter of first impression. Consequently, we look to cases analyzing the reckless state of mind, as applied to other offenses, for analogous examples of reckless conduct.

Pointing a gun at someone is a reckless act regarding the offense

of involuntary manslaughter. *People v. Lemke*, 349 Ill. App. 3d 391, 811 N.E.2d 708 (2004). Driving while speeding and weaving between lanes is a reckless act regarding reckless homicide. *People v. Testin*, 260 Ill. App. 3d 224, 632 N.E.2d 645 (1994). Merely drawing a loaded gun in a crowded tavern is a reckless act concerning the offense of involuntary manslaughter. *Thomas*, 8 Ill. App. 3d 690, 290 N.E.2d 418.

In this case, the stipulated evidence showed that the defendant consciously disregarded the substantial and unjustifiable risk that the bullets he fired into the air would endanger the bodily safety of others in a residential area. Additionally, his disregard for the safety of others constituted a gross deviation from the standard of care which a reasonable person would exercise in a residential neighborhood. Furthermore, the defendant's conduct was analogous to the level of disregard for the safety of others and failure to exercise care exhibited by a person merely pointing a gun at another, driving while speeding and weaving, or drawing a loaded gun in a crowded tavern. Therefore, taking the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the State proved the elements of reckless discharge of a firearm beyond a reasonable doubt.

## CONCLUSION

For the foregoing reasons, we affirm the Kankakee County circuit court's judgment convicting the defendant of reckless discharge of a firearm.

Affirmed.

SLATER, P.J., concurs.

JUSTICE McDADE, dissenting:

The only issue presented to the court in this appeal is defendant's contention that the State failed to prove the elements of reckless discharge of a firearm beyond a reasonable doubt. In order for the State to meet its burden of proof in this case, it had to show that defendant "consciously disregard[ed] a substantial and unjustifiable risk that [he will endanger the bodily safety of an individual (720 ILCS 5/24—1.5(a) (West 2002))]; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." 720 ILCS 5/4—6 (West 2002).

The majority notes that our supreme court has recently determined that the offense of reckless discharge of a firearm has two prongs: (1) recklessly discharging a firearm; and (2) endangering the bodily safety of an individual. *People v. Collins*, 214 Ill. 2d 206, 824 N.E.2d 262

(2005). Because *Collins* held that repeatedly shooting a firearm into the air in a residential area satisfied the second prong of the offense and because it appears that defendant lived in a residential area of Kankakee and admitted to firing four shots into the air, *Collins*, as the majority points out, controls our decision as to the second prong.

Therefore, the only issue we examine is whether the State proved that defendant had the requisite mental state to justify a finding that he was guilty, beyond a reasonable doubt, of reckless discharge of a firearm. It appears from the opinion that the majority believes that his stipulation that he told the police "I can't believe I was that stupid" somehow equates to a confession of recklessness. I think his admission shows that, in fact, there was nothing "conscious" in his apparent disregard of a possible risk. Nor do I find any showing by the State that defendant knew or should have known of circumstances that made any risk to others "substantial and unjustifiable" at the time he discharged the weapon. Absent such evidence, there is no way to determine that defendant "consciously disregarded a substantial and unjustifiable risk" of endangering the bodily safety of an individual.

The legislature could have crafted a statute making *any* discharge of a firearm into the air in a residential area a crime, but it chose not to do so. Perhaps the legislators were concerned about the wholesale arrests that would be occasioned by the overly exuberant celebrators of holidays such as the New Year, the Fourth of July, and Memorial Day. Arguably, firing a gun into the air in a residential area at any time is inherently stupid. The legislators, however, whatever their rationale, chose to include a more rigorous mental state—one necessitating proof of "conscious disregard of a substantial and unjustifiable risk". I do not think an admission of stupidity satisfies that requirement and therefore respectfully dissent from the contrary finding of the majority.