In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-4709

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMELL C. NEWBERN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CR 30071—**David R. Herndon**, *Judge.*

ARGUED JULY 12, 2006—DECIDED MARCH 13, 2007

Before COFFEY, RIPPLE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Jamell Newbern was convicted of possessing crack cocaine with intent to distribute. The district court sentenced him as a career offender to 300 months' imprisonment after deciding that two of his prior convictions were for crimes of violence. Newbern argues that one of those crimes, reckless discharge of a firearm in violation of Illinois law, is not a crime of violence. Because it is, we affirm.

## I. Background

Federal and state agents staking out a residence in St. Clair County, Illinois, encountered Newbern leaving the

premises carrying more than 50 grams of crack cocaine and over 30 grams of powder cocaine in his pocket and sock. He was charged with one count of possession of crack with intent to distribute. 21 U.S.C. § 841(a)(1). Because Newbern had a prior state conviction for felony possession of drugs, the government filed an information under 21 U.S.C. § 851 to trigger a higher statutory maximum under § 841(b)(1). He pleaded guilty without a plea agreement.

At sentencing the district court concluded that Newbern was a career offender under U.S.S.G. § 4B1.1, the offense guideline applicable to a defendant convicted of committing a crime of violence or a controlled-substance offense after incurring two prior convictions for crimes of violence or controlled-substance offenses. *Id.* § 4B1.1(a), (b). The district court identified two of Newbern's prior Illinois convictions as crimes of violence. The first is a 2000 conviction for reckless discharge of a firearm, 720 ILL. COMP. STAT. 5/24-1.5 (1993), which, according to the charging document, resulted in a man being shot in the leg. The second conviction, for aggravated battery, 720 ILL. COMP. STAT. 5/12-4(b)(6) (2000), was incurred in 2001 as a result of Newbern's attempt to disarm a police officer, *see* 720 ILL. COMP. STAT. 5/31-1(a) (2000).

Newbern objected to classifying his conviction for reckless discharge of a firearm as a crime of violence. He conceded that the charging document accurately recounted that he shot someone in the leg. He argued nonetheless that reckless discharge of a firearm under Illinois law does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" as required by U.S.S.G. § 4B1.2(a)(1). He also maintained that the offense does not require conduct that creates "a serious potential risk of physical injury to another" for purposes of the alternative definition of a crime of violence under the guidelines. U.S.S.G. § 4B1.2(a)(2). The district court held that the

Illinois offense of reckless discharge of a firearm satisfied the alternative definition of a crime of violence under § 4B1.2(a)(2) in that it involved conduct that presented a serious risk of injury to another.

After ruling on the dispute, the court arrived at an imprisonment range of 262 to 327 months based on a total offense level of 34 (after a reduction for acceptance of responsibility) and a criminal history category of VI. This range was significantly higher than it would have been had the court not adjudged Newbern a career offender. Applying the guidelines as advisory and considering the factors in 18 U.S.C. § 3553(a), the court sentenced Newbern to 300 months' imprisonment and a ten-year term of supervised release.

## II. Discussion

On appeal Newbern renews his argument that the Illinois offense of reckless discharge of a firearm does not meet the definition of "crime of violence" in the guidelines. That definition provides:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

   (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added). Newbern focuses on § 4B1.2(a)(2), on which the district court based its holding, and parses the Illinois statute, which provides as follows:

"A person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual." 720 ILL. COMP. STAT. 5/24-1.5(a). This offense, he argues, does not require a "serious" risk of physical injury "to another" and therefore does not qualify as a crime of violence. Moreover, although he concedes that he shot the victim in the leg, Newbern asserts that the charging document does not provide enough detail about the circumstances of the shooting to assess the risk or eliminate the possibility that the shooting was a freak accident.

In deciding whether a prior conviction qualifies as a crime of violence under § 4B1.2(a), we start—and usually will end—with the elements of the statute of conviction and the facts as stated in the charging document. *See United States v. Jackson*, 177 F.3d 628, 632 (7th Cir. 1999); *United States v. Shannon*, 110 F.3d 382, 384 (7th Cir. 1997) (en banc). Only where the statutory elements and the content of the charging document do not resolve whether the crime of conviction constitutes a "crime of violence" should a court look further, and then only to documents like plea agreements and transcripts of plea colloquies, or to admissions by the defendant. *See United States v. Kindle*, 453 F.3d 438, 441-42 (7th Cir. 2006); *United States v. Lewis*, 405 F.3d 511, 514-15 (7th Cir. 2005); *United States v. Cole*, 298 F.3d 659, 662-63 (7th Cir. 2002); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005) (applying the Armed Career Criminal Act). Whether a prior conviction was for a crime of violence is a question of law. *Cole*, 298 F.3d at 661.

With these rules and the guidelines definition of crime of violence in mind, we turn to the Illinois statute of conviction, 720 ILL. COMP. STAT. 5/24-1.5(a). Violation of this statute constitutes a class 4 felony, 720 ILL. COMP. STAT. 5/24-1.5(c), punishable by one to three years in prison, 730

ILL. COMP. STAT. 5/5-8-1(a)(7) (1994). It therefore satisfies the threshold requirement of § 4B1.2(a) that a crime of violence be a felony punishable by more than a year in prison.

As we have noted, section 5/24-1.5 provides: "A person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual." 720 ILL. COMP. STAT. 5/24-1.5(a). The Illinois criminal code defines recklessness as:

> A person is reckless or acts recklessly, when he con-sciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. An act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning.

720 ILL. COMP. STAT. 5/4-6 (1992).

Accordingly, "a person commits the offense of reckless discharge of a firearm when he (1) recklessly discharges a firearm, and (2) endangers the bodily safety of an individ-ual." *People v. Collins*, 824 N.E.2d 262, 265 (Ill. 2005). Conviction for a violation of this statute requires proof that the "defendant's reckless conduct created a dangerous situation—such that an individual was in peril of probable harm or loss." *Collins*, 824 N.E.2d at 266. The state need not show that the defendant was pointing a gun in any-body's direction or that any particular individual was likely to be hit by a bullet. *Id.* at 268. Rather, because of the "inherent danger caused by the reckless discharge of a firearm," the endangerment element can be satisfied by evidence that people or homes were in the general vicinity of the reckless discharge. *Id.*; *see also People v. Watkins*,

837 N.E.2d 943, 946 (Ill. App. Ct. 2005) (holding that endangerment element was established where "stipulated evidence showed that the defendant repeatedly fired a gun into the air in a residential neighborhood"); *People v. Kasp*, 815 N.E.2d 809, 817 (Ill. App. Ct. 2004) (explaining that the state must establish that the defendant put someone in danger by firing and need not prove that defendant pointed gun toward anyone in particular), *appeal denied*, 829 N.E.2d 791 (Ill. 2005). The required recklessness can be established, for example, by proof that the defendant fired a gun in a residential neighborhood knowing of the general danger, thus disregarding a substantial and unjustifiable risk. *See Watkins*, 837 N.E.2d at 946.

The Illinois offense of reckless discharge of a firearm plainly requires conduct that presents a "serious potential risk of physical injury to another" within the meaning of § 4B1.2(a)(2). We have previously held that "[t]he general rule is that possession of a weapon *plus* some overt action implying or indicating its use is a crime of violence." *United States v. Chapple*, 942 F.2d 439, 441 (7th Cir. 1991); *see also United States v. Vahovick*, 160 F.3d 395, 397 (7th Cir. 1998) (*citing Chapple*, 942 F.2d at 441). We have also held that firing a gun randomly without aiming at or targeting anyone in particular is a crime of violence because of the inherent risk of physical injury to others. *See Cole*, 298 F.3d at 661-62 ("mob action" in violation of 720 ILL. COMP. STAT. 5/25-1 is a crime of violence where defendant was convicted as part of a mob that fired random shots at a passing car without aiming at anyone in particular); *United States v. McNeal,* 900 F.2d 119, 123 (7th Cir. 1990) (firing a gun from a car without targeting anyone is a crime of violence). Our conclusion that the Illinois offense of reckless discharge of a firearm is a crime of violence under § 4B1.1(a)(2) is consistent with a recent holding of the Eighth Circuit evaluating a similar Iowa statute. *See United States v. Smith*, 422 F.3d 715, 722-23

(8th Cir. 2005), *cert. denied sub. nom. Jordan v. United States*, 126 S. Ct. 1112 (2006).

In reaching this conclusion we reject Newbern's argument that the Illinois statute does not satisfy § 4B1.2(a)(2)'s requirement of a "serious" potential risk of physical injury to another. Illinois's definition of recklessness requires a conscious disregard of a "substantial and unjustifiable risk," and the offense itself requires the endangerment of the "bodily safety of an individual." Thus, the requirement of a serious risk of injury is spelled out in the elements of the offense and the statutory definition of recklessness.

Newbern also suggests that a defendant might violate the statute by recklessly endangering an "individual"—himself—without posing "a serious potential risk of physical injury to another" within the meaning of § 4B1.2(a)(2). At oral argument he gave the example of playing "Russian roulette" on an empty farm. But Newbern has not offered any authority for his assumption that a person can violate the Illinois statute by endangering *himself*, and the Illinois cases applying the law have uniformly assumed that "individual" means someone *other* than the shooter. *See, e.g.*, *Collins*, 824 N.E.2d at 268-70; *Watkins*, 837 N.E.2d at 946. These decisions have required proof of endangerment of *another* individual to sustain a conviction, even in cases when the shooter had also endangered himself by shooting directly into the air above his head. *See Collins*, 824 N.E.2d at 268-70; *Watkins*, 837 N.E.2d at 946. Indeed, one Illinois court has condemned the state's attempt to prosecute a person who shot *himself* for violating an analogous statute that criminalizes reckless conduct that "'causes bodily harm to or endangers the bodily safety of *an individual*.'" *See People v. Peters*, 536 N.E.2d 465, 466-69 (Ill. App. Ct. 1989) (*quoting* former section 5/12-5(a)). Calling the state's

construction of this analogous statute "unreasonable," the *Peters* court explained that the statute was intended to protect the innocent from the reckless, not the reckless from themselves. *Id.* at 466-69.

Finally, we reject Newbern's argument regarding the level of detail in the charging document. Because the statute itself makes clear that reckless discharge of a firearm qualifies as a crime of violence, the factual detail in the charging document is irrelevant to this case. But had this not been a clear-cut case, the content of the charging document would be fair game, *see Shepard*, 544 U.S. at 26; *Lewis*, 405 F.3d at 514-15, especially considering that at sentencing Newbern conceded its factual accuracy, *see Kindle*, 453 F.3d at 441-42; *United States v. Washington*, 417 F.3d 780, 788 (7th Cir. 2005). The charging document states that Newbern "endangered the bodily safety of Charlton Chaney in that while acting in a reckless manner, he discharged a firearm and in so doing, he shot Charlton Chaney in the right leg." That is all we need to know. Even disregarding that Chaney was actually injured, the charging document makes clear he was put at serious risk of injury by Newbern's reckless shooting, which is enough to hold that the offense is a crime of violence. *See Cole*, 298 F.3d at 661-62; *accord United States v. Terry-Crespo*, 356 F.3d 1170, 1177-78 (9th Cir. 2004) (firing gun at building in city); *United States v. Rutledge*, 33 F.3d 671, 674 (6th Cir. 1994) (firing gun toward person in jest); *United States v. Thompson*, 891 F.2d 507, 510 (4th Cir. 1989) (pointing gun at someone).

Newbern's Illinois conviction for reckless discharge of a firearm involved conduct that presented a serious potential risk of physical injury to another within the meaning of § 4B1.1(a)(2). The district court properly counted it as a prior crime of violence. The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*