

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0463-08

---

### THE STATE OF TEXAS

### v.

### ROMAN RODRIGUEZ, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR  COUNTY

---

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, JOHNSON, KEASLER and HERVEY, JJ., joined.  PRICE, J., filed a concurring opinion in which KELLER, P.J., joined.  WOMACK, J., concurred.

### O P I N I O N

Roman Rodriguez was charged with recklessly discharging a firearm.[1]   The State's

information alleged that Mr. Rodriguez recklessly discharged a firearm "by pulling the

trigger on a firearm which contained ammunition and was operable."  The trial judge granted

---

[1] TEX. PENAL CODE § 42.12(a) ("A person commits an offense if the person recklessly discharges a firearm inside the corporate limits of a municipality having a population of 100,000 or more.")

the defendant's Motion to Set Aside the Information which claimed that the State failed to allege "any act or circumstance which would show" that his discharge of a firearm "was done in a reckless manner." The State appealed, and the court of appeals affirmed the trial judge's ruling.[2] We granted the State's petition[3] to review whether the court of appeals correctly held that the information was defective because it failed to apprise the defendant of "the circumstances that indicate [Mr. Rodriguez] pulled the trigger of a loaded firearm in a reckless manner."[4] We agree with the court of appeals.

## I.

The State's information alleged that Mr. Rodriguez recklessly discharged a firearm inside the corporate city limits of a municipality with a population of 100,000 or more, namely San Antonio, "by pulling the trigger on a firearm which contained ammunition and was operable." Well, of course he did. Everyone who discharges a firearm pulls the trigger, and every firearm that is discharged contains ammunition and is operable if it discharges. The State has, in essence, pled a tautology: The defendant recklessly discharged a firearm because he discharged a firearm.

---

[2] *State v. Rodriguez*, No. 04-07-00436-CR, 2008 WL 506273 (Tex. App.–San Antonio, February 27, 2008) (not designated for publication).

[3] The State's sole ground for review reads as follows:
The court of appeals erred when it concluded that an allegation that a defendant: "recklessly discharged a firearm . . . by pulling the trigger on a firearm which contained ammunition and was operable" was insufficient to satisfy the requirement that the information "allege with reasonable certainty the act or acts relied upon to constitute recklessness."

[4] *Rodriguez*, 2008 WL 506273 at *1.

The State's allegation of recklessness in this case tells the defendant nothing more than that he fired a gun within the city limits of San Antonio. But, as the defendant argues, this penal offense is not one of strict liability that criminalizes every act of discharging a firearm within city limits. Under the State's pleading, however, any act of "pulling the trigger on a firearm which contained ammunition and was operable" within the city limits of a large city would be recklessness *per se* and subject to prosecution under Section 42.12(a).[5] Thus, if a person shoots at a robber or rapist climbing into his bedroom window, he could be prosecuted under the State's pleading.[6] If he shoots at a rattlesnake lying in the bushes beside his home, he is liable to be prosecuted under this information. If–as the trial judge hypothesized–he goes to the municipal shooting range and "pulls the trigger on a firearm which contained ammunition and was operable," he may be prosecuted for a Class A misdemeanor. Surely that is not the law. These are not necessarily reckless acts. They may be entirely appropriate and lawful acts under the particular circumstances. It is only when the defendant is reckless in the manner or circumstances under which he "pull[s] the trigger

---

[5] *See State v. Vasquez*, 34 S.W.3d 332, 334 (Tex. App.–San Antonio 2000, no pet.) (rejecting State's argument that the discharge of a firearm is *per se* reckless under section 42.12(a) and therefore State did not have to comply with art. 21.15 by alleging circumstances that showed that discharge was reckless; "If the legislature had intended the discharge of a firearm within city limits to be *per se* reckless, it need not have included the word 'recklessly' in the statute."); *see also Garza v. State*, 50 S.W.3d 559, 564 n.1 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (following *Vasquez* and noting that "the State's interpretation would lead to absurd results-for example, making shooting at shooting ranges (even those owned by the city or State) within city limits *per se* illegal.").

[6] In this instance, of course, the defendant could raise self-defense at trial, but the pleading would suffice to charge an offense under Section 42.12(a).

on a firearm which contained ammunition and was operable" that he is criminally liable.[7]

II.

The issue in this case is not "how" did the defendant discharge a firearm (by pulling the trigger), but how did he act "recklessly" in discharging the firearm. When it is alleged that the accused acted recklessly, Article 21.15 of the Texas Code of Criminal Procedure requires additional language in the charging instrument.[8] This language must set out "the act or acts relied upon to constitute recklessness[.]" But, as we recently noted in our unanimous decision in *Smith v. State*,[9] there is some conceptual difficulty about the specific terms used in Article 21.15:

> Professors Dix and Dawson have commented that the terms of Article 21.15 present "some conceptual difficulty." The problem arises from the 1974 Penal Code's distinction between culpable mental states and acts. Section 1.07(a)(10) of the Penal Code defines "conduct" as "an act or omission and its accompanying mental state." An "act" is defined as "a bodily movement,

---

[7] *See* TEX. PENAL CODE § 6.03(c) ("A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.").

[8] TEX. CODE CRIM. PROC. art. 21.15. That article reads as follows:
Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

[9] 309 S.W.3d 10 (Tex. Crim. App. 2010).

whether voluntary or involuntary."  And Section 6.03(c) of the Penal Code states, "A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur."  The language of Article 21.15 assumes that the culpable mental state of recklessness can be "constituted" by some "act."   However, the definition of "act," added in 1974, made this a "conceptual impossibility."[10]

In *Smith*, we explained that, because of this "conceptual impossibility," the "act or acts constituting recklessness" under Article 21.15 are really those "circumstances" surrounding the criminal act from which the trier of fact may infer that the accused acted with the required recklessness.[11]  Thus, in *Smith*, an indecent exposure case, we held that the State was required to plead the circumstances under which the defendant exposed himself–such as "in a public place"–to indicate why his otherwise lawful act was reckless.[12]

As this Court stated in *Gengnagel v. State*,[13] when recklessness is an element of the offense, the charging instrument must "allege the *circumstances* of the act which indicate that the defendant acted in a reckless manner."[14]  Therefore, in this "reckless discharge" statute, the State must allege something about the setting or circumstances of discharging a firearm

---

[10] *Id.* at 14 (footnotes omitted) (citing 41 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 20.171, at 624 (Tex. Prac. 2d ed. 2001)).

[11] *Id.* at 15.

[12] *Id.* at 16.

[13] 748 S.W.2d 227 (Tex. Crim. App. 1988), *superseded by constitutional amendment on other grounds*, TEX. CONST. art. V, § 12.

[14] *Id*. at 229 (emphasis added).

within city limits that demonstrates disregard of a known and unjustifiable risk.  For example, the State might allege "by shooting into the ground in a crowd of people,"[15] or "by shooting a gun in the air in a residential district,"[16] or "by shooting at beer bottles in his backyard in a residential district," or "by shooting a gun on the grounds of an elementary school," or "by shooting at a Stop sign in a business district," or "by shooting into the bushes at a city park."[17]  These are the sorts of actions that might entail a known and unjustifiable risk of

---

[15] *Garza v. State*, 50 S.W.3d 559, 564 (Tex. App.–Houston [1st Dist.] 2001, no pet.) (stating that the words discharging a firearm "into the ground in a crowd of people" described the reckless act required under section 42.12(a)).

[16] *See People v. Watkins*, 837 N.E.2d 943, 946 (Ill. App. Ct. 2005) (reckless discharge of a firearm in a municipality proven when stipulated evidence showed that defendant repeatedly fired a gun into the air in a residential neighborhood); *see also People v. Collins*, 824 N.E.2d 262, 268  (Ill. 2005) (sufficient evidence to show reckless discharge of firearm when defendant fired gun into air and several people were in the vicinity; "The inherent danger caused by the reckless discharge of a firearm into the air, and the obvious ricochet effect that may occur when bullets fall to the ground, are matters of common sense. In this case, what inevitably came down endangered, placed individuals in peril of probable harm or loss, those in the vicinity of the discharge.").

[17] In its Brief, the State asks this Court to further elucidate its discussion in *Gengnagel* concerning what "circumstances" of recklessness the State must allege.  It asks: "Must the defendant also be reckless about whether people are nearby?  Must the defendant also be reckless about whether property might be destroyed?  Must the defendant also be reckless about whether people might be disturbed by the sound?"  State's Brief at 9.
    These might be the type of circumstances that could, in a particular case, support a finding that the defendant was aware of, but consciously disregarded, a substantial and unjustifiable risk, one whose disregard constituted a gross deviation from the standard of care that an ordinary person would exercise under all of the circumstances as viewed from the defendant's standpoint. TEX. PENAL CODE § 6.03(b).  For example, in *Townsley v. State*, 538 S.W.2d 411 (Tex. Crim. App. 1976), an involuntary manslaughter case, the State alleged that the defendant recklessly caused the death of the victim "by driving a motor vehicle at an excessive rate of speed while attempting to elude a police officer and recklessly causing said vehicle to run off the roadway and roll over, thereby fatally injuring the said [victim], who was a passenger in said vehicle." *Id.* at 411.  The ordinary person reading that indictment would be quite likely to conclude that driving in that manner and under those circumstances, if proven, would raise a

harm or injury to others, risks that the ordinary person in the defendant's shoes probably would not take.[18]   This is what the court of appeals meant when it said that the "State's information . . . did not inform Mr. Rodriguez of the circumstances that indicate he pulled the trigger of a loaded firearm in a reckless manner."[19]

---

substantial and unjustifiable risk of injury to the passenger.  It is the defendant who is entitled to notice of the acts or circumstances surrounding the alleged acts that the State intends to prove to establish recklessness, *see id.* at 412, but a practical guide to the sufficiency of the description of recklessness might be whether the ordinary person reading that pleading would say, "That sounds unjustifiably risky to me."  Compare the pleading found sufficient in *Townsley* to that found insufficient in *Gengnagel*.  In that indecent exposure case, the State had alleged that the defendant exposed his genitals recklessly by "exposition of his genitals by the defendant to complainant."  748 S.W.2d at 228.  What is reckless about that?  It is another tautology– the defendant recklessly exposed his genitals because he exposed his genitals to "the complainant."  Exposing one's genitals is not necessarily reckless or unlawful.  It is reckless if the other person is a strange child, a strange adult, or the exposure takes place at high noon in the courthouse square, or in any public place where others who might be offended are likely to be present.  In sum, the State must allege those particular acts or circumstances surrounding the act that, at least, suggest an unjustifiable risk.

[18]   *See* Tex. Penal Code § 6.03(c); *see also* 22 C.J.S. *Criminal Law* § 51 (2006) ("A person is said to act recklessly when he or she consciously disregards a substantial and unjustifiable risk that an injury will occur, or when his or her action is grossly heedless of consequences."); 21 Am.Jur.2d *Criminal Law* § 138 (2d ed. 1998) ("Recklessness requires that an actor consciously disregard a substantial and unjustifiable risk.").

This requirement of "recklessness" concerning the safety of others is the stated rationale behind the 1995 legislation enacting Section 42.12.  Acts, 1995, 74th Leg., ch. 663, § 1.  As the Senate committee report and bill analysis to S.B. 68 states,

> The 73rd Legislature passed S.B. 145 regarding the reckless discharge of a firearm in certain metropolitan areas effective September 1, 1993. However, when the revised Penal Code took effect, the statute was repealed because it had been omitted in the Penal Code reform bill. Now, Houston, Dallas, and other heavily populated metropolitan areas are confronted with the problem of citizens recklessly discharging firearms *without regard to the safety of the people around them,* with no means to regulate them.

*Id.* (emphasis added).

[19] *Rodriguez*, 2008 WL 506273 at *1.

As the court of appeals further noted, "the acts indicating recklessness need not be pled in penal code terms nor be facially reckless acts, [but] the allegations must be sufficient to allow a trier of fact to conclude that Rodriguez was reckless in his actions."[20]  That is, what facts are in the charging instrument about this particular "discharge" from which a jury could infer that the defendant was acting recklessly instead of perfectly properly–such as defending himself from a robber or rattlesnake–or instead of performing a lawful activity–such as practicing at a municipal shooting range.

We agree with the court of appeals that "the State failed to allege with reasonable certainty the act or circumstance which indicates Rodriguez discharged the firearm in a reckless manner."[21]  Therefore, we affirm the lower court's judgment which had upheld the trial judge's ruling.

Delivered: April 6, 2011
Publish

---

[20] *Id.*

[21] *Rodriguez*, 2008 WL 506273 at *2.