**Affirmed and Memorandum Opinion on Remand filed November 29, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-09-00996-CR

**PETER HENERY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1634586**

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

Appellant, Peter Henery, was convicted of misdemeanor indecent exposure. In two issues, appellant contends the trial court (1) lacked jurisdiction to render judgment against appellant and (2) erred by denying appellant's motion to quash the information. On original submission, a majority of this panel sustained appellant's first issue and reversed and remanded for the trial court to dismiss the cause. The Texas Court of Criminal Appeals reversed the previous majority opinion and remanded the case to our court. We affirm.

# I. BACKGROUND

Appellant was charged by information with indecent exposure. Appellant filed a motion to quash the information, which the trial court orally denied following a hearing. Nevertheless, the trial court signed an order granting appellant's motion to quash and striking the information. Six days later, appellant pleaded "guilty" to the charged offense pursuant to a plea bargain. The trial court accepted the plea and sentenced appellant to sixty days' confinement in county jail.

# II. TRIAL COURT'S JURISDICTION

In his first issue, appellant contends the trial court lacked jurisdiction to accept his guilty plea, sentence him, and sign the judgment because the case was dismissed once the court signed the order quashing the information.

On original submission, a majority of this panel agreed, concluding the trial court's judgment was void for lack of jurisdiction and ordered the trial court to dismiss the cause. The Texas Court of Criminal Appeals granted the State's petition for discretionary review and reversed this panel's majority opinion, determining that the case should be abated for the trial court to clarify whether it intended to sign the motion to quash. *See generally Henery v. State*, 364 S.W.3d 915 (Tex. Crim. App. 2012).

On remand, we abated the appeal and remanded it to the trial court to address the conflict between its oral denial of the motion to quash and subsequent written order granting the motion. The trial court entered a nunc pro tunc order correcting its written order on the motion to quash to reflect that the motion was denied. We reinstated this appeal after receiving the trial court's nunc pro tunc order. Because the trial court has corrected its order on the motion to quash, it had jurisdiction to accept appellant's guilty plea, and enter the judgment. Accordingly, we overrule appellant's first issue.

# II. SUFFICIENCY OF CHARGING INSTRUMENT

In his second issue, appellant contends the information did not allege with reasonable certainty the acts the State relied upon to constitute recklessness. The

sufficiency of a charging instrument presents a question of law we review de novo. *State v. Barbernell*, 257 S.W.3d 248, 251–52 (Tex. Crim. App. 2008).

A person commits indecent exposure "if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, *and he is reckless about whether another is present who will be offended or alarmed by his act*." Tex. Penal Code Ann. § 21.08(a) (West 2011) (emphasis added). When recklessness is part of an offense, the State must allege the acts relied upon to constitute recklessness with reasonable certainty. It is never sufficient for the State to merely allege that the accused acted recklessly. Tex. Code Crim. Proc. Ann. art. 21.15 (West 2009); *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010).

> In its information, the State alleged appellant acted with recklessness as follows:

> "[Appellant], heretofore on or about OCTOBER 12, 2009, did then and there unlawfully expose his GENITALS to S. ROCCAFORTE with intent to arouse and gratify the sexual desire of [appellant], and [appellant] was reckless about whether another person was present who would be offended and alarmed by the act, to wit: BY MASTURBATING IN PUBLIC."

In contending that the information is defective, appellant relies on the Court of Criminal Appeals opinion in *Smith*. In *Smith*, the information contained the following recklessness allegation:

> "[The defendant] did then and there unlawfully expose his GENITALS to S. FARQUHAR with intent to arouse and gratify the sexual desire of THE DEFENDANT, and the Defendant was reckless about whether another person was present who would be offended and alarmed by the act, to-wit: THE DEFENDANT EXPOSED HIS PENIS AND MASTURBATED."

309 S.W.3d at 12. The Court of Criminal Appeals determined that the allegation "exposed his penis and masturbated" did not inform the defendant with reasonable certainty the acts relied upon to constitute recklessness because "there is nothing inherently reckless about either exposing oneself or masturbating." *Id.* at 16; *see Gengnagel v. State*, 748 S.W.2d 227, 228, 230 (Tex. Crim. App. 1988) (holding allegation that defendant's exposure of his genitals was reckless because he exposed his

3

genitals to another person was insufficient to satisfy article 21.15), *abrogated on other grounds*, Tex. Const. art. V, § 12; Tex. Code Crim. Proc. art. 1.14(b); *see also State v. Rodriguez*, 339 S.W.3d 680, 684 n.17 (Tex. Crim. App. 2011) (explaining the information in *Gengnagel* contained a tautology relative to recklessness because the State merely alleged "the defendant recklessly exposed his genitals because he exposed his genitals to 'the complainant'"). The *Smith* court further explained: "The information would have sufficiently apprised Smith of the act or acts constituting recklessness if the State had alleged that *Smith exposed his penis and masturbated in a public place*." 309 S.W.3d at 16 (emphasis added).

Appellant contends the recklessness allegation in the State's information is deficient because it did not conform to the example provided in *Smith*, *i.e.*, "exposed his penis and masturbated in a public place." Appellant argues that the State's failure to allege he exposed himself while masturbating is problematic because masturbation does not necessarily involve exposure of genitals.

"Masturbation" is defined as "erotic stimulation of the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact exclusive of sexual intercourse . . . ." Webster's Ninth New Collegiate Dictionary 732 (1991). Nothing in this definition indicates, and logic does not dictate, that masturbation requires exposure of the genitals. However, the State alleged that appellant exposed his genitals to S. Roccaforte and was reckless about whether another person was present who would be offended and alarmed by appellant "MASTURBATING IN PUBLIC." This allegation necessarily denotes or describes appellant's conduct as masturbating in public while exposing his genitals. Although masturbating while exposing one's genitals is not an act inherently "reckless about whether another person is present who will be offended or alarmed," exposing one's genitals while masturbating *in public* sufficiently describes the behavior proscribed in the penal code. *See Rodriguez,* 339 S.W.3d at 683 ("[I]n *Smith*, an indecent exposure case, we held that the State was required to plead the circumstances under which the defendant exposed himself—such as 'in a public place'—to indicate why

4

his otherwise lawful act was reckless."). For reasons outlined above, we conclude that the State's information sufficiently describes conduct proscribed by the penal code. Accordingly, we hold the State alleged with reasonable certainty the act relied upon to prove appellant engaged in conduct proscribed by the penal code. *See* Tex. Code Crim. Proc. Ann. art. 21.15.[1] The trial court did not err by denying appellant's motion to quash.

Appellant's second issue is overruled and the trial court's judgment is affirmed.


/s/    Charles W. Seymore
Justice


Panel consists of Justices Seymore, Boyce, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant also argues the recklessness allegation is defective because the State used the phrase "in public" instead of "in a public place," as recommended in *Smith*. We reject this argument because there is no discernible distinction between "public" and "public place" in this context.

5