IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1917-11






DAVID RAMOS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Alcala, J., filed a concurring opinion.


CONCURRING OPINION 



 I respectfully concur. This area of the law has become exceedingly complex, and it
is unclear to me what the holding of the opinion is. I, therefore, cannot join the majority
opinion. I do agree, however, that the evidence is legally sufficient to find appellant, David
Ramos, guilty of manslaughter.

 Appellant relies on Article 21.15 of the Texas Code of Criminal Procedure to argue
that the evidence is insufficient to sustain his conviction for manslaughter. See Tex. Code
Crim. Proc. art. 21.15. Article 21.15 provides that an offense involving recklessness "must
allege" the act or acts relied upon to constitute recklessness. Id. It states, 

 Whenever recklessness or criminal negligence enters into or is a part or
element of any offense, or it is charged that the accused acted recklessly or
with criminal negligence in the commission of an offense, the . . . indictment
in order to be sufficient in any such case must allege, with reasonable
certainty, the act or acts relied upon to constitute recklessness or criminal
negligence, and in no event shall it be sufficient to allege merely that the
accused, in committing the offense, acted recklessly or with criminal
negligence. 


Id.; State v. Rodriguez, 339 S.W.3d 680, 682-83 (Tex. Crim. App. 2011). For offenses
alleging reckless acts, the pleading requirements for manner and means are thus more
demanding than for greater offenses that allege intentional or knowing acts. Id. Here, 
appellant was indicted for capital murder and felony murder, offenses that do not trigger the
more demanding pleading requirements of Article 21.15, and was convicted of manslaughter
as a lesser-included offense.

 Appellant challenges the sufficiency of the evidence by pointing out that, under Malik
v. State, the evidence is measured against the essential elements of the offense as defined by
the hypothetically correct jury charge. 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Because the essential elements of an offense are defined by the hypothetically correct jury
charge, appellant contends that the State's failure to prove that appellant caused the
complainant's death by "shaking" as alleged in the indictment would necessitate reversal of
his conviction.

 I agree with appellant that a hypothetically correct jury charge for manslaughter would
require the State to include in the instructions to the jury the precise acts that the State was
alleging as reckless. See Rodriguez, 339 S.W.3d at 684-85 (holding that State "must allege
those particular acts or circumstances surrounding the act that, at least, suggest an
unjustifiable risk"). For this reason, I disagree with the determination reached in the majority
opinion that the present situation is one that involves "the pleading of unnecessary facts [that]
gives rise to an immaterial variance," and that "a variance regarding a non-statutory
allegation describing the method of the offense of a result-of-conduct offense is immaterial."
This description of the law fails to effectively distinguish between result-of-conduct offenses
involving reckless acts, which trigger the heightened pleading requirements of Article 21.15,
and those involving intentional or knowing acts, which do not.

 I conclude that a hypothetically correct jury charge for manslaughter would include
the particular acts relied upon to show recklessness. See id.; Smith v. State, 309 S.W.3d 10,
14 (Tex. Crim. App. 2010). I would hold that, under the hypothetically correct instructions,
appellant could be convicted of manslaughter if the evidence showed that he acted recklessly
by forcibly throwing the complainant, an infant, onto a surface and causing her head to strike
it. Because the evidence shows this, I would agree that the evidence is sufficient. 

 I am concerned that the majority opinion takes too broad a view in this case. It seems
to hold that the State need never prove a specific reckless act, regardless of the requirement
in Article 21.15 that the State plead, "with reasonable certainty, the act or acts relied upon
to constitute recklessness." See Tex. Code Crim. Proc. art. 21.15. If this Court's holding is
that the State is never required to prove the specific acts constituting recklessness, then what
is the point of Article 21.15? Is it rational to require the State to plead reckless acts and then
say that the State need not prove those acts? I would think that, if the State is required to
plead reckless acts under Article 21.15, then it would also be required to prove those acts at
trial for the evidence to be sufficient. This is essentially what this Court held in Geick v.
State, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011). Geick involved an instance in which the
State had "unnecessarily" pled a definition narrowing "the manner and means in which [the]
offense" could be committed. Id. at 547. We held that, although it was not required to plead
that narrowed definition, the State, having pled it, was required to prove it. Id. It would make
little sense to say that when the State is required to plead reckless acts in accordance with
Article 21.15, it need not prove those acts to sustain a conviction. When an indictment
alleges reckless acts, I would hold that the State must prove those acts under a hypothetically
correct jury charge. Because this Court's majority opinion appears to hold otherwise, I
respectfully disagree.

 Here, Article 21.15 was inapplicable because the indictment alleged greater mental
states than recklessness and did not allege any reckless acts. Because Article 21.15 was
inapplicable, the hypothetically correct jury instructions would permit the jury to find
appellant reckless under any theory supported by the evidence. The State alleged in the
indictment that appellant caused the death of the complainant in one of three ways, all of
which involved shaking. Similarly, the jury was instructed on manslaughter, and the
application paragraph alleging manslaughter included the same three acts, all involving
shaking. The evidence adduced at trial indicated that the complainant died from head trauma
consistent with being thrown into a metal-framed bassinet. Considering the evidence in the
light most favorable to the jury's verdict, I conclude that the evidence is sufficient. Because
I disagree with the rationale of the majority opinion, however, I concur only in the Court's
judgment. 

 


Filed: June 26, 2013


Publish