

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1917-11

**DAVID RAMOS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

**ALCALA, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I respectfully concur. This area of the law has become exceedingly complex, and it is unclear to me what the holding of the opinion is. I, therefore, cannot join the majority opinion. I do agree, however, that the evidence is legally sufficient to find appellant, David Ramos, guilty of manslaughter.

Appellant relies on Article 21.15 of the Texas Code of Criminal Procedure to argue that the evidence is insufficient to sustain his conviction for manslaughter. *See* TEX. CODE CRIM. PROC. art. 21.15. Article 21.15 provides that an offense involving recklessness "must

allege" the act or acts relied upon to constitute recklessness. *Id*. It states,

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the . . . indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

*Id*.; *State v. Rodriguez*, 339 S.W.3d 680, 682-83 (Tex. Crim. App. 2011). For offenses alleging reckless acts, the pleading requirements for manner and means are thus more demanding than for greater offenses that allege intentional or knowing acts. *Id*. Here, appellant was indicted for capital murder and felony murder, offenses that do not trigger the more demanding pleading requirements of Article 21.15, and was convicted of manslaughter as a lesser-included offense.

Appellant challenges the sufficiency of the evidence by pointing out that, under *Malik v. State*, the evidence is measured against the essential elements of the offense as defined by the hypothetically correct jury charge. 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Because the essential elements of an offense are defined by the hypothetically correct jury charge, appellant contends that the State's failure to prove that appellant caused the complainant's death by "shaking" as alleged in the indictment would necessitate reversal of his conviction.

I agree with appellant that a hypothetically correct jury charge for manslaughter would require the State to include in the instructions to the jury the precise acts that the State was

alleging as reckless. *See Rodriguez*, 339 S.W.3d at 684-85 (holding that State "must allege those particular acts or circumstances surrounding the act that, at least, suggest an unjustifiable risk"). For this reason, I disagree with the determination reached in the majority opinion that the present situation is one that involves "the pleading of unnecessary facts [that] gives rise to an immaterial variance," and that "a variance regarding a non-statutory allegation describing the method of the offense of a result-of-conduct offense is immaterial." This description of the law fails to effectively distinguish between result-of-conduct offenses involving reckless acts, which trigger the heightened pleading requirements of Article 21.15, and those involving intentional or knowing acts, which do not.

I conclude that a hypothetically correct jury charge for manslaughter would include the particular acts relied upon to show recklessness. *See id.*; *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010). I would hold that, under the hypothetically correct instructions, appellant could be convicted of manslaughter if the evidence showed that he acted recklessly by forcibly throwing the complainant, an infant, onto a surface and causing her head to strike it. Because the evidence shows this, I would agree that the evidence is sufficient.

I am concerned that the majority opinion takes too broad a view in this case. It seems to hold that the State need never prove a specific reckless act, regardless of the requirement in Article 21.15 that the State plead, "with reasonable certainty, the act or acts relied upon to constitute recklessness." *See* TEX. CODE CRIM. PROC. art. 21.15. If this Court's holding is that the State is never required to prove the specific acts constituting recklessness, then what

is the point of Article 21.15? Is it rational to require the State to plead reckless acts and then say that the State need not prove those acts? I would think that, if the State is required to plead reckless acts under Article 21.15, then it would also be required to prove those acts at trial for the evidence to be sufficient. This is essentially what this Court held in *Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011). *Geick* involved an instance in which the State had "unnecessarily" pled a definition narrowing "the manner and means in which [the] offense" could be committed. *Id*. at 547. We held that, although it was not required to plead that narrowed definition, the State, having pled it, was required to prove it. *Id*. It would make little sense to say that when the State is required to plead reckless acts in accordance with Article 21.15, it need not prove those acts to sustain a conviction. When an indictment alleges reckless acts, I would hold that the State must prove those acts under a hypothetically correct jury charge. Because this Court's majority opinion appears to hold otherwise, I respectfully disagree.

Here, Article 21.15 was inapplicable because the indictment alleged greater mental states than recklessness and did not allege any reckless acts. Because Article 21.15 was inapplicable, the hypothetically correct jury instructions would permit the jury to find appellant reckless under any theory supported by the evidence. The State alleged in the indictment that appellant caused the death of the complainant in one of three ways, all of which involved shaking. Similarly, the jury was instructed on manslaughter, and the application paragraph alleging manslaughter included the same three acts, all involving

shaking. The evidence adduced at trial indicated that the complainant died from head trauma consistent with being thrown into a metal-framed bassinet. Considering the evidence in the light most favorable to the jury's verdict, I conclude that the evidence is sufficient. Because I disagree with the rationale of the majority opinion, however, I concur only in the Court's judgment.

Filed: June 26, 2013

Publish