**Affirmed and Memorandum Opinion filed September 24, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00770-CR

---

**KEFENTSE JUBA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1275670**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of aggravated assault and sentenced him to prison for two years, but recommended community supervision. The trial court followed the jury's recommendation and suspended appellant's sentence for two years. Appellant filed a notice of appeal. We affirm.

In his first issue, appellant claims the trial court erred in denying his motion to quash the indictment. Specifically, appellant argues the indictment failed to

allege with reasonable certainty the act relied upon to constitute recklessness.

We review a trial judge's decision to deny a motion to quash an indictment *de novo. See Smith v. State,* 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010). A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant notice of the acts he allegedly committed. *Miller v. State,* 333 S.W.3d 352, 356 (Tex.App.-Fort Worth 2010, pet. ref'd) (citing *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)). Article 21.15 of the Texas Code of Criminal Procedure requires additional language in the charging instrument when it is alleged that the accused acted recklessly.[1] *State v. Rodriguez,* 339 S.W.3d 680, 682 (Tex. Crim. App. 2011); *see also* Tex. Code Crim. Proc. Ann. art. 21.15 (West 2009). However, it is unnecessary for the State to allege facts that are merely evidentiary in nature. *Stadt v. State,* 120 S.W.3d 428, 442 (Tex. App.—Houston [14th Dist.] 2003) *aff'd,* 182 S.W.3d 360 (Tex. Crim. App. 2005). It is only required that an indictment allege conduct a jury could rationally find to be reckless under the circumstances of this case. *Id.*

The indictment alleges appellant "did then and there unlawfully, and recklessly cause serious bodily injury to MEAGHAN HANKS, hereinafter called the Complainant, by SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY, A FIREARM." In the instant case, the indictment alleges appellant caused serious bodily injury, the offense, by shooting the complainant

---

[1]Article 21.15 provides:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

with a firearm, the act relied upon to constitute recklessness. We therefore conclude the indictment adequately informed appellant of the act constituting recklessness. *See Cruz v. State*, 838 S.W.2d 682, 684 (Tex. App. —Houston [14th Dist.] 1992, pet. ref'd) (indictment alleging accused caused bodily injury by striking her with his body and causing her to fall to the floor was sufficient). Accordingly, the trial court did not err in denying the motion to quash. Appellant's issue is overruled.

Appellant's second issue asserts the evidence is legally insufficient to support a finding appellant acted recklessly. The complainant, Meagan Hanks, testified that appellant loaded the gun with a single bullet, spun the chamber, closed it, and put the gun to his head. Appellant then pointed the gun at his three friends and at Hanks. Hanks turned around and began watching the television. She then heard the gun fire. Hanks was shot in the back through the chair.

William Moore testified that appellant had shown him the gun two months before Hanks was shot. Before appellant handed the gun to Moore, he unloaded the bullets. Dewon Pullen testified that on the afternoon Hanks was shot, appellant brought out the gun to show his friends. On that occasion as well, before handing them the gun appellant made sure it was unloaded and even showed them the empty chambers.

Appellant points to the fact that he placed the loaded gun to his own head and allowed his friends to handle the gun unsupervised as evidence that he was not aware of the risk. However, the evidence shows appellant unloaded the gun before handing it to anyone else, but the gun was loaded when appellant handled it. The fact that appellant was willing to have the gun loaded when it was in his hands, thought not when his friends were in possession of it, indicates awareness of the risk the loaded gun posed.

3

"Evidence that a defendant knows a gun is loaded, that he is familiar with guns and their potential for injury, and that he points a gun at another, indicates a person who is aware of a risk created by that conduct and disregards the risk." *Thomas v. State*, 699 S.W.2d 845, 850 (Tex. Crim. App. 1985); *Trujillo v. State,* 227 S.W.3d 164, 168 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). Such a person is at least reckless. *Thomas,* 699 S.W.2d at 850; *Trujillo,* 227 S.W.3d at 168. We find the evidence here shows appellant was, at the very least, aware of the risk associated with his conduct. Appellant's second issue is overruled.

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/     Tracy Christopher
            Justice


Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).